Cordell DAY, Petitioner,

v.

Steve HARGETT, Warden, and The State of Oklahoma, Respondents.

Nos. PC 96–1559, O 96–1546, O 96–1579 and O 97–0123.

Court of Criminal Appeals of Oklahoma.

April 22, 1997.

*ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF, DENYING PETITION FOR WRIT OF MANDAMUS FILED 12/17/96, DENYING PETITION FOR WRIT OF MANDAMUS FILED 12/24/96 AND DENYING PETITION FOR WRIT OF MANDAMUS FILED 1/29/97*

On December 19, 1996, Petitioner, pro se, appealed to this Court from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. 78–1171. Petitioner was convicted by a jury of Attempted Rape in the First Degree, After Former Conviction of a Felony, and was sentenced October 23, 1978, to fifteen (15) years in prison. This sentence has been discharged.

Petitioner now contends that his sentence was improperly enhanced; trial counsel was ineffective; trial counsel's failure to challenge the State's knowing use of perjured testimony and false evidence constituted a fundamental miscarriage of justice; appellate counsel was ineffective for failure to raise meritorious claims on direct appeal; and, the trial court erred in denying Petitioner's post-conviction application.

The District Court of Oklahoma County denied Petitioner's application for post-conviction relief in an order filed November 21, 1996, and denied Petitioner's amended post-conviction applications in an order issued December 11, 1996. The Honorable Richard W. Freeman found Petitioner raised one proposition of error in the District Court: "The denial of due process by ineffective assistance of counsel resulting in the Petitioner's conviction in Case CRF 78–1171 which was used to enhance punishment in cases CRF 85–3230 and CRF 86–1647." Judge Freeman found Petitioner has "previously filed multiple applications for post-conviction relief and alleges no good and sufficient reason for his latest application to be considered by the Court".

This Court affirmed Petitioner's conviction in a published opinion, *Day v. State*, 620 P.2d 1318 (Okl.Cr.1980); therefore, all issues previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal, which could have been raised, are waived. Moreover, 22 O.S.1991, § 1086, directs that all grounds for relief available to an applicant under the Post–Conviction Procedure Act must be raised in the original application and that any ground not so raised, or bypassed, may not be the basis for a subsequent application unless sufficient reason is given for not asserting or inadequately raising the issue in the prior application or in any other proceeding taken to secure relief.

■ The test for determining the effectiveness of both trial and appellate counsel is the standard of "reasonably effective assistance" set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 686–88, 692–693 (1984). *Cartwright v. State*, 708 P.2d 592, 594 (Okl.Cr. 1985). Interpreting *Strickland*, the Supreme Court has held:

[an appellant] alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *see also Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986)("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *Nix v. Whiteside, supra*, 475 U.S., [157] at 175[,] 106 S.Ct. [988] at 998 [89 L.Ed.2d 123 (1986)]. Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him. *See [United States v.] Cronic, supra*, 466 U.S. [648] at 658, 104 S.Ct. [2039] at 2046 [80 L.Ed.2d 657 (1984)].

*Lockhart v. Fretwell,* 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993)(footnote omitted).

■ Any allegations as to trial counsel's ineffectiveness in the case before this Court have been waived as this is an issue which could have been raised on direct appeal. *Castro v. State,* 880 P.2d 387 (Okl.Cr.1994). Petitioner did not raise this issue on direct appeal.

■ Petitioner argues he was denied effective assistance of appellate counsel because appellate counsel failed to raise meritorious issues. Failure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause or argument regardless of merit. *See Cartwright,* 708 P.2d at 593–94. The record before this Court, consisting only of Petitioner's unsubstantiated assertions, fails to establish Petitioner was denied effective assistance of appellate counsel.

■ We find this to be Petitioner's second application for post-conviction relief which has been denied and appealed to this Court. Petitioner's first post-conviction appeal was affirmed February 8, 1982, Case No. PC 82–0059. Petitioner fails to offer sufficient reason for not asserting or inadequately raising these issues on direct appeal or in his first application for post-conviction relief.

After a thorough consideration of the entire record before us, we find Petitioner has not established the District Court erred in its findings and conclusions. As Petitioner has failed to show entitlement to relief in a post-conviction proceeding, the order of the District Court of Oklahoma County denying Petitioner's application for post-conviction relief is **AFFIRMED.**

■ Petitioner's application for a writ of mandamus filed December 17, 1996, Case No. O 96–1546, is **DENIED.** Petitioner seeks a writ of mandamus directing the District Attorney for Oklahoma County to file a response in the District Court to his post-conviction appeal. Petitioner's application does not reflect that he has sought and been denied relief in the District Court. *See* Rule 10.1, 22 O.S.Supp.1996, Ch.18, App., *Rules of the Court of Criminal Appeals.*

Petitioner's application for a writ of mandamus filed December 24, 1996, Case No. O 96–1579, is **DENIED.** Petitioner seeks a writ of mandamus directing the District Court to "state the court's findings and conclusions of law in regard to the issues presented where he disposed of the applications without a hearing and further compel him to conduct an evidentiary hearing". The record reflects that Judge Freeman set forth findings of fact and conclusions of law responding to the issues raised in the District Court.

■ Petitioner's application for a writ of mandamus filed January 29, 1997, Case No. O 96–0123, is **DENIED.** Petitioner seeks a writ of mandamus directing the Clerk of the District Court of Oklahoma County to file a record on appeal pursuant to his Designation of Record filed in the District Court December 27, 1996. An appeal record was transmitted to this Court by the Clerk of the District Court and filed January 9, 1997. However, Petitioner complains that the record does not contain all of the items designated.

Rule 5.2(C)(3), 22 O.S.Supp.1996, Ch.18, App., *Rules of the Court of Criminal Appeals,* directs:

> The record on appeal of a denial of post conviction relief **shall be filed by the petitioner.** The record is **limited** to the following:
>
> The Application for Post Conviction Relief presented to the district court and response, if filed by the State;
>
> The Findings of Fact and Conclusions of Law entered by the district court;
>
> The record of the evidentiary hearing conducted, if held; and,
>
> Supporting evidence presented to the district court.
>
> (emphasis added)

The Rules of this Court do not provide for a Designation of Record to be filed in a non-capital post-conviction appeal which designates, as a part of the record on appeal, items not submitted to or considered by the District Court. Any document, record, or

transcript which has not been presented to the District Court for review with the post-conviction application filed in the District Court is prohibited from being reviewed with the record on appeal.

When an evidentiary hearing in a non-capital case has not been held in the District Court, the Rules of this Court do not require the Clerk of the District Court to file a Notice of Completion with the Clerk of this Court unless the evidence considered by the District Court was a part of the existing record before the court and then only that portion of the existing record shall be included in the appeal record. Rule 5.3 sets forth the duties of Court Clerks in post-conviction appeals.

**IT IS SO ORDERED.**

/s/ Reta M. Strubhar
Reta M. Strubhar, Vice Presiding Judge

/s/ Gary L. Lumpkin
Gary L. Lumpkin, Judge

/s/ James F. Lane
James F. Lane, Judge

/s/ Charles A. Johnson
Charles A. Johnson, Judge

CHAPEL, P.J., concurs in result.