**Richard Wade ANDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17449.**

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1972.

Judd L. Black, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Richard Wade Anderson, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Case No. CRF 71–1878, of burglary in the second degree, after former conviction of a felony, and sentenced to fifty years imprisonment. Judgment and sentence was imposed on December 10, 1971, and this appeal perfected therefrom.

It was charged by information that defendant did on August 15, 1971, commit the offense of burglary in the second degree in violation of 21 O.S.1971, § 1435, by unlawfully breaking and entering a 1966 Volkswagen belonging to Lyle Wells, in which personal property was kept, with the intent to steal property therefrom without consent of the owner. The second page of the information alleged that the defendant had previously been convicted on February 11, 1966, in the District Court of Oklahoma County, of uttering a forged instrument, grand larceny, and larceny of an automobile, and that on June 12, 1968, he had been convicted of assault with a deadly weapon, and burglary in the second degree.

The evidence established that on August 15, 1971, at approximately 12:20 A.M., Daryl Leonard heard a noise outside the window of his apartment in Midwest City. Leonard saw a man get out of a white van and get into a Volkswagen owned by Lyle Wells. Leonard went to the apartment of Wells and the two men then walked outside to the Volkswagen. Upon seeing the man in his car, Wells asked him what he was doing. The man left Wells' car and got in on the passenger side of the van. As the man had left the Volkswagen, Wells observed that he had with him an insurance packet containing car titles, insurance policies, payment books, and an army survival knife. Leonard approached the passenger side of the van and started to open the door when the man pulled a knife. Leonard testified that the man who had been in Wells' car and pulled the knife on him, was the defendant. Leonard got the license tag number of the van and called the police. Wells told the driver of the van that the other person had carried away materials from his Volkswagen. The packet of papers was then thrown out the van window. As the van started to leave, Wells attempted to grab the driver's arm and was cut on the hand with an object by defendant. Leonard's wife also witnessed the incident and identified the defendant as the man who had been in the Volkswagen and removed from it some papers.

It is defendant's first contention that he had been unlawfully subjected to multiple conviction and punishment for the same act. It appears that as a result of this incident on August 15, 1971, the defendant was additionally charged with assault with a dangerous weapon, after former conviction of a felony, Case No. CRF 71–1877, alleging that defendant assaulted Lyle Wells with a knife. Defendant entered a plea of guilty to this charge and was sentenced to three years imprisonment thereon. Defendant now asserts that his conviction on the assault and burglary charges which arose out of the same event, constitutes double jeopardy and multiple punishment as prohibited by 21 O.S., 1971, § 11. There would appear to be some merit to the defendant's contention in view of our decision in Lawson v. State, Okl.Cr., 484 P.2d 900, and Smith v. State, Okl.Cr., 486 P.2d 770.

█ However, if defendant relies upon the constitutional prohibition against double jeopardy, he may have waived his right by not entering a plea of former jeopardy in the trial court, or otherwise asserting a jeopardy bar before or during his trial. Immunity from second jeopardy can be waived by failure to claim or assert the right. 22 O.S., 1971, § 515. Ex parte Zeligson, 47 Okl.Cr. 45, 287 P. 731. Ex parte Kirk, 96 Okl.Cr. 272, 252 P.2d 1032.

█ Furthermore, at this time the only matter before this Court is defendant's conviction for burglary. There apparently

was no appeal taken from the assault with a dangerous weapon conviction. When it has been found that a person has been subjected unlawfully to multiple conviction and punishment when his act constituted more than one offense, under 21 O.S., 1971, § 11, it has been the policy to set aside the conviction carrying the lesser punishment. Since defendant's conviction for assault with a dangerous weapon, the offense carrying the lesser punishment, is not now before us, we would be unable to reach the appropriate remedy for a violation of Section 11. If there is a violation of that Section, the appropriate course of action would be for the defendant to seek post conviction relief under 22 O.S., 1971, § 1080, et seq., or by habeas corpus. See Bray v. Page, Okl.Cr., 494 P.2d 339 (1972).

It is defendant's second contention that the verdict was improper as it was "not in form." The defendant contends that the jury returned to the courtroom with two verdicts signed by the foreman. Defendant argues that the verdict signed by the foreman finding defendant guilty of burglary in the second degree, after former conviction of a felony, did not assess the punishment. According to the defendant this verdict was returned by the judge to the foreman who wrote in fifty years.

▉ We do not find defendant's contention supported by the evidence contained in the record now before this Court. It appears that there was no objection by defense counsel to an improper verdict in the trial court. The following transpired when the jury returned its verdict:

"THE COURT: Has the jury reached a verdict?

"THE FOREMAN: We have, sir.

"THE COURT: Would you hand the Court's instructions and the verdict form and the exhibits to the bailiff, please?

"All right, now, for the record, Mr. Stealey, you have signed one verdict form which you have crossed a line through your name and marked 'void', is that right?

"THE FOREMAN: Yes, sir.

"THE COURT: And the verdict that you intend to present to the Court and the proper verdict is the one that you have signed that does not have any lines through your name, is that right?

"THE FOREMAN: That's correct, sir.

"THE COURT: Now, let me hand this back to you and ask you to complete whatever you need to fill in there, you see. (The Foreman writes something on the verdict)

"THE COURT: (Reading) Case No. CRF–71–1878, State of Oklahoma versus Richard Wade Anderson, We the jury, empaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty of the crime of Burglary in the Second Degree After Former Conviction of a Felony and assess his punishment in the State Penitentiary for fifty (50) years.

Signed William E. Stealey.

"THE COURT: Ladies and gentlemen of the jury, is that your verdict, so say you all?

"(Jury indicates it is)

"THE COURT: Ladies and gentlemen, your verdict will be received, accepted and filed as the verdict in this case. Anything further, Mr. Mackey?

"MR. MACKEY: No, Your Honor.

"THE COURT: Mr. Hoch?

"MR. HOCH: No, Your Honor."

We find no objection raised to the form of the verdict. It is a settled rule that for an issue to be considered on appeal there must be an objection made in the trial court with the alleged error preserved in the record for consideration on appeal. Richards v. State, Okl.Cr., 278 P.2d 253. Cook v. State, 36 Okl.Cr. 285, 253 P. 1029. Furthermore, it appears that there is no doubt that the jury members intended to assess a fifty year sentence since they each agreed that the verdict as read, assessing the punishment at fifty years imprisonment was their verdict. Since the intent of the jury was apparently fulfilled we rely upon the rule that where irregularity as to form

is not objected to at the time the verdict is returned, and the trial court given an opportunity to have the jury correct it, that every effort will be indulged to uphold the verdict where the purpose and the intent of the jury can be ascertained. Smith v. State, 83 Okl.Cr. 392, 177 P.2d 523. Accordingly, we find no error in this regard.

██ It is defendant's final contention that the sentence is excessive as rendered under the influence of bias, passion, and prejudice. We are of the opinion that under the facts of this case that justice would best be served by modifying the judgment and sentence from a term of fifty years imprisonment to a term of thirty-five years imprisonment, and as so modified the judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs in result.