Cordell Lee DAY, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–232.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1980.

Rehearing Denied Dec. 29, 1980.

## OPINION

BRETT, Judge:

Cordell Lee Day, Jr., has appealed from a conviction in the District Court, Oklahoma County. In Oklahoma County Case No. CRF–78–1171, he was convicted of Attempted Rape in the First Degree, After Former Conviction of a Felony. He was sentenced to fifteen (15) years in prison. Since all the assignments of error deal with various aspects of the trial, rather than with the events of the crime, no discussion of the facts is warranted.

First, the appellant argues that the trial court should have granted his motion for a mistrial after the foreman of the jury indicated that the jury was unable to reach a verdict. Instead of declaring a mistrial, the judge gave an *Allen* instruction, to which the appellant objected. His argument is that, by giving the *Allen* instruction, the judge put undue pressure on the jury not to come out until a verdict had been reached.

*Allen* instructions have previously been upheld by this Court under circumstances of an apparent deadlocked jury. However, the trial court must carefully avoid any coercion. See *Wilson v. State*, Okl.Cr., 556 P.2d 1311 (1976), and *Miles v. State*, Okl.Cr., 602 P.2d 227 (1979).

In the present case, the instruction was neither coercive nor designed to intimidate the jurors into coming to a decision. They were simply asked to return to the jury room and diligently and earnestly resume their deliberations. Thus, the assignment of error is without merit.

Next, the appellant complains of the prosecutor's closing argument in the second stage of the proceeding. But since he failed to object to the argument during the trial, the alleged error has not been properly preserved for review. Compare *Shelton v. State*, Okl.Cr., 583 P.2d 1107 (1978). In any event, the alleged error could not have affected the finding of guilt, since it came during the second stage.

Demetri Anastasiadis, Asst. Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., for appellee.

The third assignment of error pertains to the appellant's right to represent himself. At the beginning of the second stage of the trial, the appellant charged that his court–appointed attorney was incompetent and ineffective, and specifically that he had failed to bring witnesses on the appellant's behalf. The trial judge refused to dismiss counsel in the middle of the trial. The right to self–representation has been well established since *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The issue presented in the case at bar, however, is whether that right can be asserted once the trial has begun.

This issue has recently been heard by this Court in *Coleman v. State*, Okl.Cr., 617 P.2d 243 (1980). The Tenth Circuit Court also spoke to that issue in *United States v. Bennett*, 539 F.2d 45 (10th Cir. 1976). This Court held in *Coleman*, as did the Circuit Court in *Bennett*, that the constitutional right to self–representation must be clearly and unequivocally asserted before the trial so that, in compliance with *Faretta* standards, the trial court can ascertain whether there has been an intelligent and voluntary waiver of the right to counsel. Other circuit courts also retain a distinction between the right of self–representation asserted before a trial and during a trial. See for example, *United States v. Lawrence*, 605 F.2d 1321 (4th Cir. 1979); *United States v. Dunlap*, 577 F.2d 867 (4th Cir. 1978); *Sapienza v. Vincent*, 534 F.2d 1007 (2d Cir. 1976).

 When an accused wishes to dismiss his court–appointed counsel and secure new counsel after the trial has begun, relief will be given only if inadequacy of the counsel reduces the trial to a farce and a mockery of justice. *Felts v. State*, Okl.Cr., 588 P.2d 572 (1978); *Walker v. State*, Okl. Cr., 550 P.2d 1339 (1976).[1] The difference between such a situation and the case at bar is that the appellant did not seek new counsel; he wanted to represent himself.

However, the standard for dismissing counsel and appointing new counsel affords a readily applicable standard for the present case. The appellant did not assert his right to self–representation before the trial began. Consequently, it was left to the trial judge's discretion whether there was a basis for dismissing counsel in the middle of the proceedings. The trial judge determined the appellant had been adequately represented and an examination of the record reveals no abuse of discretion on his part.

In his last assignment of error, the appellant contends that the trial court erred in denying a continuance at the beginning of the second stage of the trial in order for him to call witnesses in his own behalf. He specifically wanted to call a detective from the Oklahoma City Police Department. His counsel had not been informed that appellant wanted the detective subpoenaed to testify until the court reconvened. At that point, counsel moved for a continuance, and the trial judge denied it on the ground that the detective testified at the preliminary hearing and at the first stage of the trial and any further testimony given by him would concern the trial on the merits and not the sentencing stage of the proceedings.

 The decision to grant a continuance is left to the sound discretion of the trial court. *Jones v. State*, Okl.Cr., 595 P.2d 1344 (1979). There is no evidence in this case of an abuse of that discretion, particularly in view of the fact that testimony by the detective would not pertain to the appellant's sentencing.

The judgment and sentence is affirmed.

CORNISH, P. J., and BUSSEY, J., concur.

---

1. For the most recent decision on competency of counsel, see *Johnson v. State*, Okl.Cr., 620 P.2d 1311 (1980), where this Court adopts the reasonably competent standard, following the Tenth Circuit Court of Appeals in *Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980).