LAVORCHEK v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:LAVORCHEK v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LAVORCHEK v. STATE
2019 OK CR 13
Case Number: F-2018-263
Decided: 06/13/2019
JEREMY DWAYNE LAVORCHEK, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 13, __ __

 

 

S U M M A R Y O P I N I O N

KUEHN, VICE PRESIDING JUDGE:

¶1 Appellant, Jeremy Dwayne Lavorchek, was convicted by a jury in Garvin County District Court, Case No. CF-2016-114, of the following crimes, all After Conviction of a Felony:

Count 1 First Degree Robbery
21 O.S.2011, § 797(2)

Count 2 Use of a Firearm in the Commission of a Felony
21 O.S.Supp.2012, § 1287

Count 3 Conspiracy to Commit a Felony
21 O.S.2011, § 421

Counts 4-6 Kidnapping
21 O.S.Supp.2012, § 741

Counts 7-9 Assault with a Dangerous Weapon
21 O.S.2011, § 645

¶2 The jury recommended sentences of life imprisonment on all nine counts. On March 5, 2018, the Honorable Leah Edwards, District Judge, sentenced Appellant in accordance with that recommendation, and ordered Counts 2 through 9 to be served concurrently with one another, but consecutively to Count 1. Appellant must serve 85% of the sentence on Count 1 before parole eligibility. 21 O.S.Supp.2015, § 13.1(9).

¶3 Appellant raises eight propositions of error in support of his appeal:

PROPOSITION I. APPELLANT HAS SUFFERED DOUBLE PUNISHMENT BY HIS CONVICTIONS FOR ROBBERY IN THE FIRST DEGREE AND THREE CONVICTIONS FOR ASSAULT WITH A DANGEROUS WEAPON IN VIOLATION OF DUE PROCESS AND DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES CONSTITUTION AND OKLAHOMA CONSTITUTION.

PROPOSITION II. APPELLANT HAS SUFFERED DOUBLE PUNISHMENT BY HIS CONVICTIONS FOR ROBBERY IN THE FIRST DEGREE AND THREE CONVICTIONS FOR KIDNAPPING IN VIOLATION OF DUE PROCESS AND DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES CONSTITUTION AND OKLAHOMA CONSTITUTION.

PROPOSITION III. APPELLANT HAS SUFFERED DOUBLE PUNISHMENT BY HIS CONVICTIONS FOR ROBBERY IN THE FIRST DEGREE AND USE OF A FIREARM DURING COMMISSION OF A FELONY IN VIOLATION OF DUE PROCESS AND DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES CONSTITUTION AND OKLAHOMA CONSTITUTION.

PROPOSITION IV. APPELLANT WAS DENIED HIS RIGHT TO SELF-REPRESENTATION AS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE II, SECTION 20 OF THE OKLAHOMA CONSTITUTION WHEN THE TRIAL COURT DENIED HIS CLEAR AND UNEQUIVOCAL REQUEST TO PROCEED PRO SE.

PROPOSITION V. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL TO WHICH HE WAS ENTITLED UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION WHEN THE TRIAL COURT FAILED TO GRANT A CONTINUANCE.

PROPOSITION VI. APPELLANT WAS DENIED A FAIR SENTENCING HEARING WHEN THE TRIAL COURT IMPROPERLY CONSIDERED AGGRAVATING EVIDENCE AT FORMAL SENTENCING.

PROPOSITION VII. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO SERVE HIS SENTENCES CONSECUTIVELY, THEREFORE RESULTING IN A CONSTITUTIONALLY EXCESSIVE SENTENCE.

PROPOSITION VIII. APPELLANT'S CONVICTIONS SHOULD BE REVERSED AS THE CUMULATIVE EFFECT OF ERRORS DEPRIVED HIM OF A FAIR TRIAL.

¶4 After thorough consideration of these issues, the briefs of the parties, and the record on appeal, we affirm. Appellant's convictions stem from an armed robbery at Legacy Drug, a pharmacy in Pauls Valley, on the morning of March 5, 2016. Two men wearing rubber masks entered the pharmacy, brandished guns, and threatened to harm the three employees if they did not cooperate. During the ordeal, the victims were physically assaulted, threatened with imminent death, and ordered to perform certain tasks. The manager was instructed to lock the store's entrance. All three victims were eventually ordered to lie on the floor, and their hands and feet were bound with duct tape and electrical cords. The two gunmen collected money and controlled drugs from the pharmacy, then left through the back door. Police, having just arrived on the scene, chased the gunmen through a local neighborhood. Appellant was seen discarding items later identified as either having been used in the robbery or taken during the crime. At trial, Appellant took the witness stand and admitted his involvement in the robbery plan (although he claimed he was not one of the gunmen who entered the pharmacy). On appeal, he does not challenge the sufficiency of the evidence to link him to the crimes.

¶5 In Propositions I, II, and III, which we analyze together, Appellant claims that a number of his convictions constitute double punishment, violating 21 O.S.2011, § 11(A) ("in no case can a criminal act or omission be punished under more than one section of law").[1] He claims that making threats to kill the pharmacy employees (three counts of Assault with a Dangerous Weapon) and binding them with tape and cord (three counts of Kidnapping) were merely means to the ultimate objective of taking drugs and money from the pharmacy (one count of First Degree Robbery). He also claims that because he used a firearm to instill fear in his victims during the robbery, he cannot be convicted separately for Using a Firearm in the Commission of a Felony. At trial, Appellant raised a double-punishment claim only as to the robbery and assault counts (here, Proposition I). Thus, the claims made in Propositions II and III are reviewed only for plain error. Appellant must show a plain or obvious deviation from a legal rule which affected his substantial rights. Even then, this Court will not grant relief unless the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings, or otherwise represents a miscarriage of justice. Barnard v. State, 2012 OK CR 15, ¶¶ 25, 31, 290 P.3d 759, 767, 769.

¶6 Double-punishment analysis focuses on the relationship between the crimes. If the offenses truly arise out of one act, 21 O.S.2011, § 11 prohibits prosecution for more than one crime, absent express legislative intent. Barnard, 2012 OK CR 15, ¶ 27, 290 P.3d at 767. While Appellant's ultimate objective may have been to rob the pharmacy, that does not insulate him from liability for other, factually distinct crimes committed along the way. See Davis v. State, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 126-27. Moreover, when a criminal course of conduct inflicts harm on more than one person, punishments for each victim do not constitute double punishment. Clay v. State, 1979 OK CR 26, ¶ 6, 593 P.2d 509, 510, disapproved of on other grounds in Davis, 1999 OK CR 48, 993 P.2d 124.

¶7 Appellant and his accomplice placed three people in mortal fear for close to an hour. They did not merely point guns at the victims and demand money and drugs; they repeatedly made verbal threats, pushed the victims around, and directed each victim to do certain acts. All three victims were eventually ordered to lie face-down on the floor, where they were bound with tape and electrical cord. Only after the employees were restrained did the gunmen actually start taking drugs and cash. Considering the length of time the gunmen were in the pharmacy, and the many things they did to terrorize and restrain the victims during that time, separate punishments for Robbery, Assault with a Dangerous Weapon, and Kidnapping were not improper. Davis v. State, 2018 OK CR 7, ¶ 5, 419 P.3d 271, 276; McElmurry v. State, 2002 OK CR 40, ¶¶ 77-82, 60 P.3d 4, 23-24; Williams v. State, 1957 OK CR 114, ¶ 11, 321 P.2d 990, 995.

¶8 As for Appellant's argument that he cannot be separately punished for Robbery and Use of a Firearm in the Commission of a Felony, we make three observations. First, the variant of robbery alleged by the State, 21 O.S.2011, § 797(2), does not require use of a firearm as an element of the crime. Second, while the State did allege that Appellant used "a firearm" to effectuate the robbery (Count 1), several firearms were in fact wielded throughout the event, and the State specifically named two of them in Count 2. Third, our Legislature has made it clear that punishment for using a firearm in the commission of a felony shall be "in addition to the penalty provided by statute for the felony committed or attempted." 21 O.S.Supp.2012, § 1287. See Barnard, 2012 OK CR 15, ¶ 27, 290 P.3d at 767 (legislative intent is key to double-punishment analysis). Appellant cites no clear, controlling authority which the trial court should have been aware of, despite defense counsel's failure to raise an objection. We therefore conclude there is no "plain or obvious" error in punishing Appellant for both crimes under these facts. Irwin v. State, 2018 OK CR 21, ¶ 4, 424 P.3d 675, 676. Propositions I, II, and III are denied.

¶9 As to Proposition IV, while a defendant has a constitutional right to represent himself, see generally Faretta v. California, 422 U.S. 806, 818, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562 (1975), he may not abuse the privilege by claiming it once trial is underway. Naum v. State, 1981 OK CR 76, ¶¶ 11-12, 630 P.2d 785, 788; Day v. State, 1980 OK CR 94, ¶ 8, 620 P.2d 1318, 1320. Here, the trial court did not abuse its discretion in denying Appellant's request to give closing argument, particularly since he had elected not to attend the trial until after the State had rested its case. Proposition IV is denied.

¶10 In Proposition V, Appellant claims that by denying defense counsel's request for a continuance, the trial court prevented counsel from delivering reasonably effective assistance as guaranteed by the Sixth Amendment to the United States Constitution. Appellant must show that counsel's performance was constitutionally deficient, and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Bland v. State, 2000 OK CR 11, ¶ 112, 4 P.3d 702, 730. Appellant claims that if the trial court had delayed the trial, defense counsel might have explored additional defenses and had more time to develop "rapport" with his client. But Appellant fails to specify what additional defenses might have been available, or that a better relationship between counsel and client would have made any difference in the outcome.[2] Because Appellant has failed to demonstrate a reasonable probability that he was prejudiced by the trial court's denial of a continuance, we cannot find counsel was rendered ineffective by the action. Phillips v. State, 1999 OK CR 38, ¶ 103, 989 P.2d 1017, 1043. Proposition V is denied.

¶11 Propositions VI and VII deal with issues related to sentencing. The prosecutor filed a sentencing memorandum, strenuously arguing that Appellant should serve all nine life sentences consecutively. The court ordered Counts 2 through 9 to be served concurrently, but consecutively to Count 1. The information presented to the court in the prosecutor's sentencing memorandum (some of which was duplicated in the Presentence Report) was entirely proper. The court was authorized to consider evidence presented at trial, the impact of the crimes on the victims, and Appellant's entire criminal history in deciding how to implement the sentences imposed by the jury. 21 O.S.2011, § 142A et seq.; 22 O.S.Supp.2017, § 982.

¶12 Appellant's reliance on Malone v. State, 2002 OK CR 34, 58 P.3d 208, is inapposite. Malone addressed what information is relevant to a fact-finder's verdict. "[W]hen the defendant has demanded the jury to assess punishment or the trial judge has allowed the jury to assess punishment, there simply is no provision allowing for mitigating evidence to be presented in the sentencing stage of the trial." Id. at ¶ 7, 58 P.3d at 210 (emphasis added). At issue here is what information is admissible at sentencing hearings, held after the jury has rendered its verdict. Appellant neither disputes the trial court's authority to order consecutive or concurrent service of sentences as it sees fit, nor does he dispute that the prosecutor's memorandum and argument went only to that issue.

¶13 The trial court's focused decision to reject the prosecutor's request, and group most of Appellant's sentences for concurrent service, was to Appellant's benefit and hardly an abuse of discretion. Kamees v. State, 1991 OK CR 91, ¶ 21, 815 P.2d 1204, 1208-09, overruled on other grounds in Davis, 2018 OK CR 7, ¶ 26, 419 P.3d at 281. Propositions VI and VII are denied.

¶14 Finally, since we have identified no error in the preceding propositions, there can be no error by accumulation. Clayton v. State, 1995 OK CR 3, ¶ 27, 892 P.2d 646, 657. Proposition VIII is denied.

DECISION

¶15 The Judgment and Sentence of the District Court of Garvin County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF GARVIN COUNTY
THE HONORABLE LEAH EDWARDS, DISTRICT JUDGE

 
 
 
 ATTORNEYS AT TRIAL
 
 
 ATTORNEYS ON APPEAL
 
 
 
 
 TROY R. COWIN
 111 N. PETERS AVE., STE. 500
 NORMAN, OK 73069
 COUNSEL FOR DEFENDANT
 
 
 NANCY WALKER-JOHNSON
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
  
 
 
 
 
 COREY MINER
 ASST. DISTRICT ATTORNEY
 DISTRICT ATTORNEY'S OFFICE
 DISTRICT 21
 201 W. GRANT ST., ROOM 15
 PAULS VALLEY, OK 73075
 COUNSEL FOR THE STATE
 
 
 MIKE HUNTER
 ATTORNEY GENERAL OF OKLA.
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY KUEHN, V.P.J.

LEWIS, P.J.: CONCUR
LUMPKIN, J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] While Appellant occasionally uses the term "double jeopardy" in these three claims, he never elaborates on how the crimes violate the constitutional protection from double jeopardy. See generally Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932); Logsdon v. State, 2010 OK CR 7, ¶ 19, 231 P.3d 1156, 1165. This Court will not undertake the analysis for him. Cuesta-Rodriguez v. State, 2011 OK CR 4, ¶ 12, 247 P.3d 1192, 1197 (on rehearing); Rule 3.5(A)(5) and (C)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019). In focusing instead on the statutory "double punishment" protection of 21 O.S. § 11, Appellant observes that it has a "wider scope" than its constitutional cousin because it considers the "relationship" between the crimes.

[2] Again, we note that Appellant refused to attend most of his own trial, and testified before the jury (against counsel's advice), admitting his involvement in the crimes. From our review of the record, counsel performed admirably and zealously for his client. The record also shows that Appellant had difficulty getting along with several prior attorneys appointed to his case.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 
 2018 OK CR 7, DAVIS v. STATE
Discussed
Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 91, 815 P.2d 1204, KAMEES v. STATE
Discussed
 1995 OK CR 3, 892 P.2d 646, CLAYTON v. STATE
Discussed
 1979 OK CR 26, 593 P.2d 509, CLAY v. STATE
Discussed
 2002 OK CR 34, 58 P.3d 208, MALONE v STATE
Discussed
 2002 OK CR 40, 60 P.3d 4, McELMURRY v. STATE
Discussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2011 OK CR 4, 247 P.3d 1192, CUESTA-RODRIGUEZ v. STATE
Discussed
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed at Length
 2018 OK CR 7, 419 P.3d 271, DAVIS v. STATE
Cited
 2018 OK CR 21, 424 P.3d 675, IRWIN v. STATE
Discussed
 1999 OK CR 48, 993 P.2d 124, Davis v. State
Discussed at Length
 2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, Bland v. State
Discussed
 1957 OK CR 114, 321 P.2d 990, WILLIAMS v. STATE
Discussed
 1980 OK CR 94, 620 P.2d 1318, DAY v. STATE
Discussed
 1981 OK CR 76, 630 P.2d 785, NAUM v. STATE
Discussed
 1999 OK CR 38, 989 P.2d 1017, Phillips v. State
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 741, Kidnapping
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Discussed at Length
 21 O.S. 142A, Short Title
Cited
 21 O.S. 421, Conspiracy - Definition - Punishment
Cited
 21 O.S. 645, Assault, Battery, or Assault and Battery with Dangerous Weapon
Cited
 21 O.S. 797, Robbery - First Degree - Second Degree
Discussed
 21 O.S. 1287, Use of Firearm While Committing a Felony
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 982, Presentence Investigation
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA