BRINK v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BRINK v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BRINK v. STATE
2021 OK CR 1
Case Number: F-2019-254
Decided: 02/11/2021
CHUY HUMBERTO BRINK, JR., Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2021 OK CR 1, __ __

 

 

O P I N I O N

HUDSON, JUDGE:

¶1 Appellant, Chuy Humberto Brink, Jr., was convicted by a jury in Oklahoma County District Court, Case No. CF-2017-5819, of Counts 1--3: Assault With a Dangerous Weapon, in violation of 21 O.S.2011, § 645; Count 4: Using a Vehicle To Facilitate the Intentional Discharge of a Firearm, in violation of 21 O.S.2011, § 652(B); and Count 5: Possession of a Firearm While On Probation, in violation of 21 O.S.Supp.2014, § 1283(C). The jury recommended sentences of five years imprisonment each on Counts 1--3; ten years imprisonment on Count 4; and six years imprisonment on Count 5. The Honorable Trevor S. Pemberton, District Judge, presided at trial and sentenced Appellant in accordance with the jury's verdicts. Judge Pemberton ordered the sentences for Counts 1, 2, 3 and 4 to run concurrently each to the other but consecutively to Count 5.[1] Judge Pemberton further ordered credit for time served. Appellant now appeals.

¶2 The State's evidence showed that Appellant fired multiple gunshots from a moving vehicle at Michelle Owens, Floyd Sneed and Tony Hare while all three stood on the front porch of Sneed's mobile home. Appellant was on probation at the time. Based on these facts, the State alleged in the Information one count of Assault With a Dangerous Weapon for each victim Appellant shot at during the drive-by shooting (Counts 1--3); one count of Using a Vehicle To Facilitate the Intentional Discharge of a Firearm for Appellant shooting at all three victims from the vehicle (Count 4); and one count of Possession of a Firearm While On Probation for Appellant's possession of the gun used to commit the drive-by shooting (Count 5).

¶3 In his sole proposition of error, Appellant contends that his convictions on all five counts violate 21 O.S.2011, § 11 because he was punished for the same act. Appellant argues that Counts 4 and 5 must be dismissed to remedy the double punishment violation. This appeal presents an issue of first impression for this Court, namely, whether the drive-by shooting statute authorizes additional punishment for other crimes of violence like Assault With a Dangerous Weapon that are based on the same act. We address this issue below in resolving Appellant's challenge based on Section 11 to his convictions and sentences on Counts 1, 2, 3 and 4. We further address Appellant's double punishment challenge to his Count 5 conviction for Possession of a Firearm While on Probation.

¶4 Appellant admits he did not raise a Section 11 double punishment objection at any point below. Our review is therefore limited to plain error. Frazier v. State, 2020 OK CR 7, ¶ 8, 470 P.3d 296, 302. To be entitled to relief for plain error, an appellant must show: "1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding." Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. This Court will correct plain error only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Baird v. State, 2017 OK CR 16, ¶ 25, 400 P.3d 875, 883; Tollett v. State, 2016 OK CR 15, ¶ 4, 387 P.3d 915, 917; 20 O.S.2011, § 3001.1.

¶5 Appellant shows actual or obvious error affecting his substantial rights with this claim. Section 11 generally prohibits multiple convictions for the same act under different crimes found in Title 21.[2] The analysis under Section 11 "focus[es] on the relationship between the crimes, considering '(1) the particular facts of each case; (2) whether those facts set out separate and distinct crimes; and (3) the intent of the Legislature.'" Frazier, 2020 OK CR 7, ¶ 9, 470 P.3d at 302 (quoting Sanders v. State, 2015 OK CR 11, ¶ 8, 358 P.3d 280, 284). "If the offenses at issue are separate and distinct, requiring dissimilar proof, Oklahoma's statutory ban on 'double punishment' is not violated." Sanders, 2015 OK CR 11, ¶ 6, 358 P.3d at 283. However, "[i]f the crimes truly arise out of one act, Section 11 prohibits prosecution for more than one crime, absent express legislative intent." Barnard v. State, 2012 OK CR 15, ¶ 27, 290 P.3d 759, 767 (emphasis added).

¶6 The record shows Appellant's convictions on Counts 1, 2, 3 and 4 arose from Appellant firing the same gun, at the same three victims, during the same drive-by shooting. The Information alleged one count of Assault With a Dangerous Weapon for each victim Appellant shot at during the drive-by shooting. See 21 O.S.2011, § 645; Burleson v. Saffle, 2002 OK CR 15, ¶¶ 7-8, 46 P.3d 150, 153. The State asserts on appeal that Appellant was also appropriately charged, convicted and sentenced in this case based on this same evidence of an additional count of Using a Vehicle To Facilitate the Intentional Discharge of a Firearm under 21 O.S.2011, § 652(B). The State argues "the Legislature has clearly defined [both] as separate crimes which may be charged without violating Section 11." Nothing within the plain language of Section 652, however, suggests this provision was ever intended to be an additional authorized punishment for the crime of Assault With a Dangerous Weapon or any other crime.

¶7 Had the Legislature intended for the drive-by shooting statute to serve as an additional charge authorizing multiple punishment for other crimes involving gun violence, it could have explicitly said so in Section 652(B). Cf. Knapper v. State, 2020 OK CR 16, ¶ 95, 473 P.3d 1053, 1081-82 (holding the Legislature has expressly authorized multiple punishments for gang-related murder in the gang-related crime statute). Because the Legislature did not, Appellant may not be convicted and sentenced on each of Counts 1--4. Again, where the charged crimes truly arise out of one act, Section 11 "prohibits prosecution for more than one crime, absent express legislative intent." Lavorchek v. State, 2019 OK CR 13, ¶ 6, 443 P.3d 573, 577 (emphasis added).

¶8 The State's charging decision here conflicts with our holding in Burleson that "the Legislature intended to allow multiple counts for the offense of use of a vehicle to facilitate the intentional discharge of a weapon, where multiple victims are involved." Burleson, 2002 OK CR 15, ¶ 8, 46 P.3d at 153. Under Burleson, the State could have charged Appellant in the present case with three counts of Using a Vehicle To Facilitate the Intentional Discharge of a Firearm--one for each victim. Instead, the State filed three counts of Assault With a Dangerous Weapon and used Section 652(B) to include an additional count of drive-by shooting. While the decision of which charge, and how many counts, to file generally falls within the prosecutor's broad discretion, see State v. Cooper, 2018 OK CR 40, ¶ 19, 434 P.3d 951, 957, Appellant's convictions and sentences for all four counts in this case violated Section 11 and resulted in a double punishment violation.

¶9 To summarize, Appellant may only be convicted and sentenced under Section 11 either of Counts 1--3 or Count 4 because these counts arose from the same act. When this Court finds a double punishment violation, we generally dismiss the charge carrying the lesser punishment. Anderson v. State, 1972 OK CR 289, ¶ 6, 502 P.2d 1299, 1301. However, based on the circumstances presented here, we find the matter should be remanded to the District Court so it may remedy the Section 11 violation in the first instance. We therefore uphold the jury's verdicts on appeal but vacate the sentences pronounced by the trial court and remand this case to the District Court for resentencing on Counts 1--4. On remand, the District Court shall dismiss either Counts 1--3 or, alternatively, Count 4 as a remedy for the Section 11 violation. The District Court shall also conduct resentencing on the surviving count or counts in a manner not inconsistent either with the jury's sentencing recommendations or this Opinion. See 22 O.S.2011, § 1066. 

¶10 We turn next to Appellant's double punishment challenge to his Count 5 conviction. Appellant fails to show error of any kind with this claim. Possession of a Firearm While On Probation is a status crime similar to the crime of felon in possession of a firearm set forth at 21 O.S.Supp.2014, § 1283(A). In Frazier, we observed that "the unlawful possession of a firearm by a convicted felon is a status crime and generally separate and distinct from any subsequent criminal activity with the same firearm." Id., 2020 OK CR 7, ¶ 9, 470 P.3d at 302 (citing Sanders, 2015 OK CR 11, ¶ 7, 358 P.3d at 283-84). "While the crime of felon in possession is complete upon a convicted felon being in possession, either personally or constructively, of a weapon, it is the individual's further actions that dictate whether additional criminal charges may arise from those acts." Id. (citing Sanders, 2015 OK CR 11, ¶ 8, 358 P.3d at 284).

¶11 We held in Frazier that convictions for felon in possession of a firearm, transporting a loaded firearm and carrying a firearm while under the influence violated Section 11 because "[t]he firearm used to support Frazier's three charges was found in the pickup he occupied by himself when he was stopped by the trooper for speeding." Id., 2020 OK CR 7, ¶ 10, 470 P.3d at 302-03. Because there was no evidence showing a temporal break between the acts used to support all three charges, and because all three counts relied on the same time frame, we found all three counts were based on the same act and ordered two of them dismissed. Id. In Sanders, the defendant's convictions for felonious possession of a firearm by a convicted felon and knowingly concealing stolen property were also supported by the same weapon and, thus, violated Section 11. Sanders, 2015 OK CR 11, ¶¶ 11-12, 358 P.3d at 284.

¶12 Frazier and Sanders are both distinguishable from the present case, however, because of the differing acts established by Appellant's testimony. The jury could reasonably infer based on the record evidence that Appellant, who was serving probation at the time of the shooting, possessed the gun while inside the truck prior to commencing the drive-by shooting.[3] The crime of Possession of a Firearm While On Probation charged in this case thus was completed before Appellant commenced with the drive-by shooting. See 21 O.S.Supp.2014, § 1283(C). Appellant's subsequent act of shooting at the victims from the moving vehicle formed the basis for Appellant's crimes in Counts 1--4. There is no Section 11 violation because "[t]he record . . . shows separate and distinct offenses committed in rapid succession and requiring different proof." Davis v. State, 2018 OK CR 7, ¶ 5, 419 P.3d 271, 276. Relief for this aspect of Appellant's claim is denied as there was no error and, thus, no plain error. Id.

DECISION

¶13 The Judgment of the District Court on Counts 1--4 is AFFIRMED but the Sentences imposed are VACATED and the matter is REMANDED to the District Court for RESENTENCING in a manner not inconsistent with this Opinion. On remand, the District Court shall dismiss either Counts 1--3 or, alternatively, Count 4 as a remedy for the Section 11 violation discussed herein. The District Court shall also conduct resentencing on the surviving count or counts as discussed in this Opinion.

¶14 The Judgment and Sentence of the District Court on Count 5 is AFFIRMED.

¶15 Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM OKLAHOMA COUNTY DISTRICT COURT
THE HONORABLE TREVOR S. PEMBERTON, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 DANIEL WHITE
 RACHALE WANT
 ASST. PUBLIC DEFENDERS
 OKLAHOMA COUNTY
 320 ROBERT S. KERR AVE.
 SUITE 400
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR DEFENDANT

 DAN POND
 SARAH VENTRIS
 ASST. DISTRICT ATTORNEYS
 OKLAHOMA COUNTY
 320 ROBERT S. KERR AVE.
 SUITE 505
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 KATIE SAMPLES
 ASST. PUBLIC DEFENDER
 OKLAHOMA COUNTY
 320 ROBERT S. KERR AVE.
 SUITE 400
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR APPELLANT

 MIKE HUNTER
 ATTORNEY GENERAL OF OKLAHOMA
 AMY STUART-BEAVER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
  
 
 
 

 

OPINION BY: HUDSON, J.
KUEHN, P.J.: CONCUR IN PART/DISSENT IN PART 
ROWLAND, V.P.J.: SPECIALLY CONCUR 
LUMPKIN, J.: CONCUR IN PART/DISSENT IN PART 
LEWIS, J.: CONCUR 

FOOTNOTES

[1] Under Oklahoma law, Appellant must serve eighty-five percent (85%) of the sentence imposed on Count 4 before becoming eligible for parole. 21 O.S.Supp.2015, § 13.1(5).

[2] Title 21 O.S.2011, § 11(A) states in pertinent part:

[A]n act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions, . . . but in no case can a criminal act or omission be punished under more than one section of law; and an acquittal or conviction and sentence under one section of law, bars the prosecution for the same act or omission under any other section of law.

[3] The drive-by shooting occurred shortly after Appellant and Owens had a heated argument on Snapchat during which Appellant told Owens he was going to come over with his new girlfriend. Appellant admitted being in the truck from which the shots were fired although he denied firing any of the shots. Appellant testified the truck in which he was riding stopped a short distance away from the trailer upon arrival and that Sneed was standing on the front porch with a gun before they ever drove up. Appellant had also pointed a firearm at Sneed, Owens's grandfather, in the past.

 

 

ROWLAND, VICE PRESIDING JUDGE, SPECIALLY CONCURRING:

¶1 I agree with the majority that Brink's punishment for three counts of shooting with intent to kill and one count of use of a vehicle to facilitate a shooting violates the statutory prohibition against double punishment. Title 21 O.S.2011, § 11 provides in relevant part that "an act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions, . . . but in no case can a criminal act or omission be punished under more than one section of law . . . ." The statute bars multiple punishments for a single act or omission. See Pavatt v. State, 2007 OK CR 19, ¶ 24, 159 P.3d 272, 281.

¶2 This Court has stated:

The proper analysis of a claim raised under Section 11 is then to focus on the relationship between the crimes. If the crimes truly arise out of one act . . . then Section 11 prohibits prosecution for more than one crime. One act that violates two criminal provisions cannot be punished twice, absent specific legislative intent. This analysis does not bar the charging and conviction of separate crimes which may only tangentially relate to one or more crimes committed during a continuing course of conduct.

Davis v. State, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 126-27 (finding no Section 11 violation where the defendant was convicted of larceny from a house for stealing car keys, and then using those keys to steal the vehicle from the premises). See also Irwin v. State, 2018 OK CR 21, ¶ 6, 424 P.3d 675, 676-77 (four misdemeanor convictions for violating a victim protective order were dismissed under Section 11 where the same acts formed basis for a felony stalking conviction).

¶3 In Sanders v. State, 2015 OK CR 11, ¶ 11, 358 P.3d 280, 284, where a pistol found on a table in the defendant's residence formed the basis for his conviction for knowingly concealing stolen properly and felony possession of a firearm, this Court found a Section 11 violation because there was no temporal break in time between the defendant's possession of the gun and the act of concealing it. Conversely, while felon in possession of a firearm is a status crime complete the moment the defendant comes into possession of the gun, there is no Section 11 violation where that same gun is used to commit some other crime if there is a break in time between the possession of the weapon and the other crime. See id. See also Frazier v. State, 2020 OK CR 7, ¶ 10, 470 P.3d 296, 303 (Where a traffic stop resulted in convictions for possessing a firearm after felony conviction, transporting a loaded firearm, and possessing a firearm while under the influence, this Court found that "[u]nder the reasoning of Sanders, possession of the same firearm, with no evidence of a temporal break between the individual acts, resulted in three charges and punishments in this case for the same act.").

¶4 The facts of this case show Brink hanging out the passenger window of a moving pickup truck shooting at three people, and the question is whether this constitutes a single act or multiple acts under Section 11. The drive-by shooting statute reads as follows:

Every person who uses any vehicle to facilitate the intentional discharge of any kind of firearm, . . . in conscious disregard for the safety of any other person or persons, . . . shall upon conviction be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for a term not less than two (2) years nor exceeding life.

21 O.S.2011, § 652(B).

¶5 There is a case to be made that analysis of the drive-by shooting statute hinges on the act of using a vehicle to facilitate the intentional discharge of any firearm and that this is a separate and distinct crime from any shooting-related offense committed during the same event. Judge Lumpkin eloquently makes this case in his dissent. This approach allows the crime of drive-by shooting to be charged in addition to, and to augment, one or more other shooting-related counts charged under Section 652(A) without violating Section 11, because the act of using the vehicle is separate and distinct from the act of shooting.

¶6 In my opinion, however, the argument that the legislature did not intend the crime of drive-by shooting to augment another shooting-related charge is more compelling. First, and foremost, there can be no use of a vehicle to facilitate a shooting unless there is a shooting, and in other instances where an offense augments and is dependent upon the commission of another offense, the legislature has specifically authorized both punishments. There is no language in the drive-by shooting statute explicitly authorizing this crime to be charged in addition to another shooting crime for the same act. Compare 21 O.S.2011, § 1287.1 (the intentional discharge of a weapon during the commission of a violent felony is specifically punished in addition to the underlying violent felony); 21 O.S.2011, § 1289.26 (wearing body armor while committing or attempting a felony is a separate offense punishable in addition to the crime being committed or attempted). The explicit language authorizing punishment for both offenses, contained in these statutes, is lacking in 21 O.S.2011, § 652(B).

¶7 Additionally, while this Court has approved dual punishments for factually interwoven offenses, even in the absence of explicit legislative authorization, these cases typically do not involve the situation where the second offense is only possible upon commission of the first. Compare Watts v. State, 2008 OK CR 27, 194 P.3d 133 (convictions for drug distribution/trafficking and maintaining a dwelling for the sale or use of drugs did not violate Section 11); Littlejohn v. State, 2008 OK CR 12, 181 P.3d 736 (convictions for both felony murder and conspiracy to commit a felony did not violate Section 11). Again, the crime of drive-by shooting differs in that there can be no use of a vehicle to facilitate a shooting, unless there is a shooting.

¶8 Finally, the legislature's intent that drive-by shooting be considered a separate shooting-related crime from those listed in Section 652(A) is demonstrated by the fact that this crime is punished more harshly than the others. Drive-by shooting under Section 652(B) carries a minimum of two years imprisonment up to life, while shooting with intent to kill under Section 652(A) and assault with a deadly weapon or force likely to cause death under Section 652(C) both carry up to life in prison with no minimum. Furthermore, all three of these Section 652 offenses are listed collectively as 85% crimes under 21 O.S.Supp.2015, § 13.1(5), and all three are classified as violent crimes under 57 O.S.Supp.2015, § 571.

¶9 Thus, I find that the better reading of the drive-by shooting statute is that this crime is a separate shooting-related crime situated alongside the other violent assaults in Section 652, rather than one that augments the other Section 652 assaults. The statute's requirement that the weapon be discharged "in conscious disregard for the safety of any other person or persons" requires shooting at or around some person; simply firing a gun from a moving vehicle does not violate it and thus over-emphasis on the vehicle's use obviates the statute's main intent.

¶10 "For purposes of the Legislature's ban on double punishment, whether a particular course of conduct constitutes one or more crimes depends heavily on how the Legislature has defined the crimes sought to be prosecuted." Littlejohn v. State, 2008 OK CR 12, ¶ 17, 181 P.3d 736, 742. In my view, the criminal act here is shooting at multiple people from the window of a moving vehicle. Consistent with this Court's precedent in Burleson v. Saffle, 2002 OK CR 15, 46 P.3d 150, the separate crimes in the present case could be charged as three counts of shooting with intent to kill under Section 652(A), three counts of using a vehicle to facilitate the intentional discharge of a firearm under Section 652(B), or some combination of the two crimes but not both for a single act.

 

 

LUMPKIN, JUDGE: CONCUR IN PART/DISSENT IN PART:

¶1 I concur in upholding the Judgment and Sentence in Count V. I also concur in upholding the Judgments in Counts I-IV, but dissent to vacating the sentences in those counts and remanding the case for resentencing. I find the Judgments and Sentences in Counts I-IV do not violate Section 11.

¶2 "For purposes of the Legislature's ban on double punishment, whether a particular course of conduct constitutes one or more crimes depends heavily on how the Legislature has defined the crimes sought to be prosecuted." Littlejohn v. State, 2008 OK CR 12, ¶ 17, 181 P.3d 736, 742. Title 21 O.S.2011, § 652 criminalizes the act of using a vehicle to facilitate the intentional discharge of a firearm in "conscious disregard for the safety of any person or persons." As I stated in my separate writing to Burleson v. Saffle, 2002 OK CR 15, 46 P.3d 150, 153-54, "the operative language of Subsection B [of Section 652] is the use of the vehicle to facilitate the intentional discharge of a weapon in conscious disregard for the safety of any other person or persons" (citing Locke v. State, 1997 OK CR 43, 943 P.2d 1090, 1097 (Lumpkin, J., concurring in results). Burleson wrongly found there could be multiple violations of the statute depending on the number of victims. The Court in Burleson failed to apply the plain language of the statute. The statutory language sets out a singular act of "using a vehicle", the application of which does not depend on the number of victims who may be shot. This crime is not a crime where the number of victims dictates the number of separate offenses. A person can only drive or "use" a vehicle one time to commit a drive-by shooting unless the defendant drives around the block several times to repeat the actions. While the crime of Assault with a Dangerous Weapon is committed separately with each individual victim, the use of the vehicle to facilitate that shooting is not. In the present case, Appellant's use of the pickup to facilitate the discharge of a firearm was a separate and distinct crime from the 3 counts of Assault with a Dangerous Weapon. It was sufficiently separate and distinct to warrant separate punishment.

¶3 This case is not unlike those where a defendant breaks into a residence or business and commits additional separate crimes once inside. See Lavorcheck v. State, 2019 OK CR 13, ¶¶ 5-7, 443 P.3d 573, 576-77 (no Section 11 violation by convictions of Assault with a Dangerous Weapon, Kidnapping, and First Degree Robbery where defendant broke into a pharmacy, brandished a weapon, threatened to harm employees if they did not cooperate and collected money and controlled drugs from the pharmacy); Davis v. State, 2018 OK CR 7, ¶ 5, 419 P.3d 271, 276 (no Section 11 violation in convictions for Attempted Robbery with a Weapon, Assault and Battery with a Deadly Weapon and First Degree Burglary where defendant broke into a residence with the intent to assault the victim therein, stabbed the victim in the chest, and attempted to rob the victim); Ziegler v. State, 1980 OK CR 23, ¶ 10, 610 P.2d 251, 254 (no Section 11 violation in convictions for First Degree Rape, Sodomy, First Degree Burglary and Unauthorized Use of a Motor Vehicle where the defendant broke into the victims' home during the night, raped and sodomized the victims, and then took the car belonging to one of the victims, without her consent with the intention to deprive her of the car).

¶4 While the offenses in the present case have some overlap in time, the convictions do not violate Section 11 as the crimes do not arise out of one act. See Logsdon v. State, 2010 OK CR 7, ¶ 17, 231 P.3d 1156, 1164-65; Watts v. State, 2008 OK CR 27, ¶ 16, 194 P.3d 133, 139; Davis v. State, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 126-27. Finding no Section 11 multiple punishment violation, I find no error and thus no plain error. I would affirm the convictions in Counts I-IV together with the individual sentences.

¶5 Further, I would overrule the holding in Burleson in that it misapplies the plain language of Section 652, i.e., "[the use of] a vehicle to facilitate" the shooting. The use of a vehicle is a singular act. A defendant can only drive by or use the vehicle once, while each victim assaulted is a separate offense because a different victim constitutes a separate element in each case. Thus, while the three counts of Assault with a Dangerous Weapon do not violate Section 11, then neither does use of a vehicle because it too was a separate act with different and distinct elements. In fact, if the Majority was correctly applying Burleson, it would modify the three counts of Assault with a Dangerous Weapon to three counts of Using a Vehicle to Facilitate the Discharge of a Firearm. This would be in accordance with the type of modification we applied in McArthur v. State, 1993 OK CR 48, ¶ 10, 862 P.2d 482, 485, utilizing 22 O.S.Supp.1990, § 1066, now 22 O.S.2011, § 1066.

¶6 Based on my interpretation and application of Section 11, I see no basis to remand the case to the District Court for resentencing. I am authorized to state that Presiding Judge Kuehn joins in separate writing.

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1993 OK CR 48, 862 P.2d 482, McARTHUR v. STATE
Discussed
 2002 OK CR 15, 46 P.3d 150, BURLESON v. SAFFLE
Discussed at Length
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2007 OK CR 19, 159 P.3d 272, PAVATT v. STATE
Discussed
 2008 OK CR 12, 181 P.3d 736, LITTLEJOHN v. STATE
Discussed at Length
 2008 OK CR 27, 194 P.3d 133, WATTS v. STATE
Discussed at Length
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed at Length
 2016 OK CR 15, 387 P.3d 915, TOLLETT v. STATE
Discussed
 2017 OK CR 16, 400 P.3d 875, BAIRD v. STATE
Discussed
 2018 OK CR 7, 419 P.3d 271, DAVIS v. STATE
Discussed at Length
 2018 OK CR 21, 424 P.3d 675, IRWIN v. STATE
Discussed
 2018 OK CR 40, 434 P.3d 951, STATE v. COOPER
Discussed
 2019 OK CR 13, 443 P.3d 573, LAVORCHEK v. STATE
Discussed at Length
 2020 OK CR 7, 470 P.3d 296, FRAZIER v. STATE
Discussed at Length
 2020 OK CR 16, 473 P.3d 1053, KNAPPER v. STATE
Discussed
 1999 OK CR 48, 993 P.2d 124, Davis v. State
Discussed at Length
 1980 OK CR 23, 610 P.2d 251, ZIEGLER v. STATE
Discussed
 1972 OK CR 289, 502 P.2d 1299, ANDERSON v. STATE
Discussed
 1997 OK CR 43, 943 P.2d 1090, Locke v. State
Discussed
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Discussed
 21 O.S. 1287.1, Penalty Enhancement for Weapon Possession
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Discussed at Length
 21 O.S. 645, Assault, Battery, or Assault and Battery with Dangerous Weapon
Discussed
 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Discussed at Length
 21 O.S. 1283, Convicted Felons and Delinquents
Discussed at Length
 21 O.S. 1289.26, Use of Body Armor
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1066, Power of Appellate Court - Procedure When Case Reversed for New Trial - Duties of Court Clerk
Discussed at Length
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 571, Definitions
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA