2005 OK CR 30

**Christopher Dwayne McGEE, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2004–527.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 2006.

---

James W. Berry, Oklahoma City, OK, attorney for defendant at trial.

Jerry Herberger, Assistant District Attorney, Duncan, OK, attorney for State at trial.

Gloyd L. McCoy, McCoy Law Firm, Oklahoma City, OK, attorney for petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Diane L. Slayton, Assistant Attorney General, Oklahoma City, OK, attorneys for respondent on appeal.

## SUMMARY OPINION

CHAPEL, Presiding Judge.

¶ 1 Christopher Dwayne McGee was tried by jury and convicted of Count III, Distribution of a Controlled Substance in violation of 63 O.S.Supp.2000, § 2–401(A); and Count IV, Conspiracy to Distribute a Controlled Dangerous Drug in violation of 63 O.S.Supp.2000, § 2–408, in the District Court of Stephens County, Case No. CF–01–20.[1] In accordance with the jury's recommendation the Honorable Joe H. Enos sentenced McGee to twenty (20) years imprisonment and a $10,000 fine in each of Counts III and IV. McGee appeals from these convictions and sentences.

¶ 2 McGee raises five propositions of error in support of his appeal:

I. There is insufficient evidence to sustain McGee's conviction for conspiracy to distribute a controlled dangerous substance; therefore, this conviction must be reversed and remanded with instructions to dismiss;

II. McGee was denied due process of law, as he was forced to choose between his constitutional right to a jury trial or his right to present mitigating evidence to the jury to explain his actions;

III. McGee was denied his constitutional right to act as his own counsel;

IV. McGee was denied effective assistance of counsel; and

---

**1.** The court dismissed at trial Counts I and II, which alleged distribution of and conspiracy to distribute cocaine on a separate date.

V.   McGee was denied due process of law when he was forced to defend his prior convictions.

▮▮▮ ¶ 3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that Count IV must be reversed with instructions to dismiss. No other relief is required. In Proposition I, McGee correctly claims there was insufficient evidence to convict him of conspiracy to distribute a controlled dangerous substance. The elements of a conspiracy are (1) an agreement to commit the crime(s), and (2) an overt act by one or more of the parties in furtherance of the conspiracy, or to effect its purpose.[2] A conspiracy may be proved by circumstantial evidence from which its existence may be fairly inferred.[3] To have a conspiracy, there must be at least two parties who have agreed to commit a crime. No State or defense witness ever saw Larry Hopson, the second party charged in the Information.[4] The State cites *State v. Davis*[5] for its claim that the circumstantial evidence here supports an inference that Larry Hopson and McGee agreed to distribute cocaine. In *Davis*, witnesses saw both the defendant

and the co-conspirator. The same is true of the State's other cited cases involving conspiracy charges.[6] Reviewing the Court's cases involving conspiracy charges or convictions back to statehood and earlier, we find no case in which a conviction for conspiracy was upheld where no witness saw or spoke to the alleged co-conspirator, he or his statements were not produced at trial, and the only evidence came from a third party's testimony about a defendant's assertion that another person helped him commit the crime. There simply is not enough evidence for a rational trier of fact to find beyond a reasonable doubt that a second person was involved in an agreement with McGee to sell crack cocaine.[7] This proposition is granted, and Count IV is dismissed for lack of evidence.

▮▮▮ ¶ 4 We find in Proposition II that character evidence, such as mitigating evidence, is not admissible in non-capital guilt or sentencing proceedings.[8] We find in Proposition III that McGee withdrew his request to represent himself at trial, and was not denied his constitutional right to act as his own counsel.[9] We find in Proposition IV that counsel, who succeeded in getting two counts dismissed and preserved McGee's re-

---

2.   21 O.S.2001, § 421, 423; *Hackney v. State*, 1994 OK CR 29, 874 P.2d 810, 813; *Davis v. State*, 1990 OK CR 20, 792 P.2d 76, 81.

3.   *State v. Davis*, 1991 OK CR 123, 823 P.2d 367, 370.

4.   A confidential informant testified that she saw Hopson looking out a window in August, but the trial court ordered the jury to disregard her testimony entirely, her testimony had nothing to do with the September transaction which was the subject of Count IV, and was insufficient to support a conspiracy claim even as to the August transaction.

5.   1991 OK CR 123, 823 P.2d 367.

6.   *Mayes v. State*, 1994 OK CR 44, 887 P.2d 1288, *cert. denied*, 513 U.S. 1194, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995) (co-conspirator called police to report crime); *Moss v. State*, 1994 OK CR 80, 888 P.2d 509 (co-conspirator testified against defendant); *Plantz v. State*, 1994 OK CR 33, 876 P.2d 268, *cert. denied*, 513 U.S. 1163, 115 S.Ct. 1130, 130 L.Ed.2d 1091 (1995) (co-conspirator tried as co-defendant and third party, recruited by defendants to join in murder scheme, testified against both); *Hackney*, 874 P.2d at 813 (co-conspirators testified against defendant).

7.   *Easlick v. State*, 2004 OK CR 21, 90 P.3d 556, 559. I dissented to the adoption in *Easlick* of a unified standard of review for cases involving circumstantial evidence. My conclusion would be the same reviewing the claim under the reasonable hypothesis standard.

8.   *Malone v. State*, 2002 OK CR 34, 58 P.3d 208, 209. I dissented in *Malone*. I continue to believe that Oklahoma law affording defendants the right to individualized jury sentencing is consistent with proceedings in felony cases which allow jurors to hear mitigating evidence. *Malone*, 58 P.3d at 214 (Chapel, J., dissenting). I yield to my colleagues on the basis of *stare decisis*.

9.   *Day v. State*, 1989 OK CR 83, 784 P.2d 79, 82–83 (after equivocal pretrial request, defendant did not object when represented by counsel at trial); *Gowler v. State*, 1978 OK CR 128, 589 P.2d 682, 688 (defendant requested appointed counsel who represented him at trial). *See also Hughes v. State*, 1988 OK CR 214, 762 P.2d 977, 980–81 (defendant was unhappy with counsel's failure to subpoena his suggested witnesses but did not wish to represent himself).

quests for witnesses to testify regarding entrapment and in mitigation, was not ineffective.[10]

¶ 5 We find in Proposition V that McGee was not improperly forced to defend against the second page alleging prior offenses. In November 2001, the record indicates the State agreed to dismiss the second page as part of a plea agreement, and McGee pled guilty to the charges. However, he was then sentenced based in part on his prior convictions, and moved to withdraw his plea by writ of certiorari. This Court granted that writ because the priors were used in sentencing, and remanded the case to allow McGee to withdraw his guilty plea in August, 2003. When the Court remanded the case to allow McGee to withdraw his guilty plea, it put everyone in the same posture as if the plea had not been entered.[11] That is, McGee was once again facing the prospect of trial on four felony charges with a properly filed second page alleging three prior offenses. Out of an excess of caution, the State chose to have an extra preliminary hearing on the second page after the case was remanded. However, this had no effect on the procedural posture of the case.[12]

## DECISION

¶ 6 The Judgment and Sentence of the District Court on Count III is **AFFIRMED**. The Judgment and Sentence of the District Court on Count IV is **REVERSED** and the case is **REMANDED** with instructions to **DISMISS**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeal*, Title 22, Ch.18, App. (2006), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

10. *Hooks v. State*, 2001 OK CR 1, 19 P.3d 294, 317, *cert. denied*, 534 U.S. 963, 122 S.Ct. 371, 151 L.Ed.2d 282; *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

11. *Couch v. State*, 1991 OK CR 67, 814 P.2d 1045, 1047 (defendant withdrawing plea is placed in same position as he was prior to plea negotiations).

C. JOHNSON, J., A. JOHNSON, J. and LEWIS, J.: concur.

LUMPKIN, V.P.J. concur in results.

12. McGee cites a 1911 case, *Brown v. State*, 5 Okla.Crim. 567, 1911 OK CR 120, 115 P. 615, for his claim that the final "Trial Information" must supercede any others and constitute the last pleading. In fact, *Brown* held that an amended Information, filed before the defendant pleads, in effect set aside the original Information. That is not the case here. McGee entered a plea of not guilty to the original Information, which included the second page, when it was initially filed and again after the case was remanded. The "Trial Information" did not amend the original Information and the second page alleging prior offenses was still in effect.