OSCN Found Document:JACKSON v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 JACKSON v. STATE
2024 OK CR 11
Case Number: F-2021-485
Decided: 04/18/2024
MARCUS LAROD JACKSON, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 11, __ __

 

OPINION
LEWIS, JUDGE:
¶1 Marcus Larod Jackson, Appellant, was tried by jury with co-defendant Juwan Square and found guilty of Count 1, racketeering, in violation of 22 O.S.2011, § 1403(A); Count 2, conspiracy to commit racketeering, in violation of 22 O.S.2011, § 1403(D); Counts 3 and 4, discharging a firearm into a dwelling, in violation of 21 O.S.2011, § 1289.17A; Count 5, assault and battery with a deadly weapon, in violation of 21 O.S.2011, § 652(C); Count 6, shooting with intent to kill, in violation of 21 O.S.2011, § 652(A); and Counts 7 and 8, possession of a firearm after former conviction of a felony, in violation of 21 O.S.Supp.2014, § 1283(A), in the District Court of Cleveland County, Case No. CF-2019-417. The jury found Counts 1 through 6 were committed after former conviction of two or more felonies, and Counts 7 and 8 were committed after former conviction of a felony; and assessed punishment of sixty years in each count. The Honorable Michael D. Tupper, District Judge, pronounced judgment and ordered the sentences to be served concurrently.[1] Mr. Jackson appeals in the following propositions of error:
1. The State's evidence was insufficient to prove the violation of the Oklahoma Corrupt Organization Prevention Act;
2. The district court erred when it gave the incorrect instruction pertaining to the range of punishment for all of the counts in violation of the Fourteenth Amendment to the United States Constitution;
3. The district court abused its discretion when it sentenced Mr. Jackson to Counts 5 and 6 in addition to Count 7 because the allegations arose out of the same transaction in violation of Title 21, section 11 of the Oklahoma Statutes;
4. The district court committed error when it erroneously admitted multiple pieces of evidence that were substantially more prejudicial than probative;
5. Multiple instances of hearsay were admitted in violation of the Oklahoma Evidence Code and the Confrontation Clause of the Sixth Amendment to the United States Constitution;
6. The State's evidence was insufficient to prove conspiracy to commit racketeering;
7. The district court abused its discretion when it denied defense counsel's request for the lesser related offense instruction of gang-related activity;
8. Mr. Jackson was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution;
9. Mr. Jackson's sentence is excessive;
10. The accumulation of error in this case deprived Mr. Jackson of due process of law and a reliable sentencing proceeding in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article II, § 7 and 9 of the Oklahoma Constitution; and
11. This Court should remand Mr. Jackson's case to the district court with instructions to correct his judgment and sentence to reflect the appropriate conviction in Count 2 by an order nunc pro tunc.
¶2 In Proposition One, Appellant challenges the sufficiency of the evidence to convict him of racketeering. We review this challenge by viewing the evidence in the light most favorable to the prosecution, asking whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Spuehler v. State, 1985 OK CR 132¶ 7, 709 P.2d 202, 203-04.
¶3 The court correctly instructed the jury on the elements of the offense of racketeering. See 22 O.S.2011, § 1403. Viewed in the light most favorable to the State, the evidence, and reasonable inferences from the evidence, established that Appellant participated in the affairs of an unincorporated criminal enterprise known as the Murder Money Gang by committing or attempting two or more felonies over a roughly six month period in 2018. The evidence provides sufficient rational support for the jury's verdict finding Appellant guilty of racketeering. Proposition One is denied.
¶4 In Proposition Two, Appellant argues that instructions on the range of punishment were incorrect, and his resulting sentences are erroneous. Trial counsel did not object to the instructions given, and our review is for plain error only. Appellant must now show that plain or obvious error affected the outcome of the proceeding. Hogan v State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923. This Court will correct plain error only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings, or otherwise results in a miscarriage of justice. Id.
¶5 The gist of Appellant's complaint is that he never confessed, admitted, or stipulated to the alleged prior convictions, and that the trial court erred in so instructing the jury. In response to this allegation, the State obtained affidavits from two prosecutors and the trial judge stating that Appellant appeared in court with counsel and stipulated to his prior convictions; the State accepted the stipulation; and the trial judge on that basis instructed the jury at sentencing that Appellant had admitted or confessed two prior convictions. The State moved to supplement the record with these affidavits or in the alternative, remand for evidentiary hearing.
¶6 We later remanded for an evidentiary hearing to determine whether Appellant admitted, confessed, or stipulated to his prior convictions as stated in the court's instructions. The trial court conducted an evidentiary hearing and concluded from the testimony that Appellant had admitted, confessed, or stipulated to the alleged prior convictions, and that the court's instruction to that effect at sentencing was not in error.
¶7 We find the record on appeal should be supplemented with the record of the evidentiary hearing, as the trial court's findings and conclusions and the testimony offered at the evidentiary hearing have obvious relevance to our disposition of this proposition. Rule 2.2(C), 3.11(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024).
¶8 Affording the trial court's findings and conclusions on remand the proper deference, we find the trial court properly instructed the jury in the sentencing stage of trial that Appellant had admitted his two prior convictions. No plain or obvious error occurred. Proposition Two is denied.
¶9 In Proposition Three, Appellant argues that his convictions in Counts 5 and 6 for assault and battery with a deadly weapon and shooting with intent to kill while using the same weapon in the same incident preclude his conviction in Count 7 under the statutory prohibition against multiple punishments for a single criminal act. 21 O.S.2011, § 11. Trial counsel did not object on this ground below, waiving all but plain or obvious error, as defined above. Brink v. State, 2021 OK CR 1, ¶ 4, 481 P.3d 1267, 1269.
¶10 Analysis of a section 11 claim focuses on the relationship between the crimes. Davis v. State, 1999 OK CR 48, ¶ 13, 993 P.2d 124, 126. If the crimes truly arise out of one act, section 11 prohibits prosecution for more than one crime, absent express legislative intent. Id. A convicted felon is guilty of criminal possession the moment he arms himself with a prohibited weapon. Once possessed, the use of a weapon in another crime is generally punishable as criminal separate act. Sanders v. State, 2015 OK CR 11, ¶ 7, 358 P.3d 280, 283-84. As Appellant was feloniously armed prior to the shootings, separate punishments do not plainly or obviously violate section 11. Proposition Three is denied.
¶11 In Proposition Four, Appellant challenges the admission of various items in evidence at trial. He objected to some items (State's Exhibits 522, 522A), but not others (State's Exhibits 486, 495M, 495N). We review alleged evidentiary errors preserved by timely objection for abuse of discretion, Gillioms v. State, 2022 OK CR 3, ¶ 34, 504 P.3d 613, 621, defined as a clearly erroneous conclusion and judgment, contrary to the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. When evidence is not met with a timely objection, our review is limited to plain error, as defined above.
¶12 Reviewing the evidence that met no objection, we find the challenged items met the general test of relevance to the issues on trial and were not plainly or obviously admitted in error. Considering these items in the context of the remaining evidence at trial, we further find that any error in admitting these items did not seriously affect the fairness, integrity, or public reputation of the proceedings, and no relief is warranted.
¶13 Reviewing State's Exhibits 522 and 522A, which were photographs depicting a female associate of the gang (and prosecution witness at trial) in possession of a particular firearm, we find this evidence satisfied the broad test of relevance, and was not substantially more prejudicial than probative. No abuse of discretion is shown in the admission of this evidence. Further, considering these two items in the context of the other properly admitted evidence at trial, we conclude that any error did not result in a miscarriage of justice or substantial violation of a constitutional or statutory right. No relief is warranted. 20 O.S.2021, § 3001.1. Proposition Four is denied.
¶14 In Proposition Five, Appellant argues that hearsay
[2] was admitted in violation of the Oklahoma Evidence Code and the Confrontation Clause guarantees of the Sixth and Fourteenth Amendments. Counsel objected to some of these statements, but not others. We review preserved allegations of evidentiary error for abuse of discretion and unpreserved allegations for plain or obvious error, as defined above.
¶15 Reviewing for plain error, we find State's Exhibits 22 and 23, text messages between the Appellant and Quinlan Hardiman, were not hearsay, because they were offered against a party (Appellant) and were either the party's own statement or (in the case of Hardiman) a statement by a coconspirator of the party during the course and in furtherance of the conspiracy. See 12 O.S.2011, § 2801(B)(2)(a), (e). Nor were Hardiman's responses to Appellant's statements in the text messages primarily admitted for their truth, but rather to show what was said between the two accomplices.
¶16 Reviewing for plain error, the challenged testimony of Detective Robinson concerning data (a phone number, account information, a video, and photographs) obtained from a cellphone during a forensic search was not hearsay because it was not a statement by a declarant. Detective Robinson's testimony relating that a juvenile worker identified a person appearing in a video on the phone as Quinlan Hardiman, and identified the "Ace" mentioned in some data as the Appellant, were also not hearsay, because they were admissible to show how the detective's investigation proceeded.
¶17 Considering these items in the context of the remaining evidence at trial, we further find that any error in admitting these items did not seriously affect the fairness, integrity, or public reputation of the proceedings, and no relief is warranted.
¶18 Reviewing for plain error the testimony of Officer Yager relating that an eyewitness told him a black male exited a stolen vehicle involved in this case and hopped over a fence, this statement was not hearsay because it was admissible to show what the officer learned and how he conducted his investigation of a stolen vehicle report pertinent to the case.
¶19 We also review for plain error the challenged testimony of a female gang associate who testified that she and a gang member knocked at Appellant's door and said they were police, after which other members of the gang (including co-defendant Square but not Appellant, who was not present), while together in a group, admitted that Appellant and others were involved in a shooting incident that was being reported on the news.
¶20 We find that this testimony related non-hearsay statements by Appellant's coconspirators during and in furtherance of the racketeering conspiracy, explaining the activities of participants in the criminal enterprise and why they were initially frightened by the prospect of police knocking at the door. There was no plain or obvious violation of the hearsay rule in the admission of these statements.
¶21 Again, considering these items in the context of the remaining evidence at trial, we further find that any error in their admission as evidence did not seriously affect the fairness, integrity, or public reputation of the proceedings, and no relief is warranted.
¶22 Appellant further argues that the admission of some of these items of alleged hearsay violated his right to confront witnesses against him guaranteed by the Sixth and Fourteenth Amendments. The generally applicable test for whether an extrajudicial statement is testimonial is whether, in light of the objective circumstances, the primary purpose of obtaining the statement was to create an out-of-court substitute for trial testimony. Ohio v. Clark, 576 U.S. 237 (2015).
¶23 Appellant argues for the first time on appeal that the testimony of a third-party witness stating that his non-testifying co-defendant and others admitted their participation in a robbery and shooting with Appellant, violated the Confrontation Clause as interpreted in Bruton v. United States, 391 U.S. 123 (1968). Bruton held that a defendant's right to confrontation is violated by admitting a non-testifying co-defendant's inculpatory statements against the defendant. Id. at 126.
¶24 Reviewing for plain error, the inculpatory statements of Appellant's non-testifying codefendant and other alleged accomplices, as repeated by a third-party witness at trial, were non-testimonial, as those statements "were not made at a hearing or trial, nor as a result of police interrogation." See Knapper v. State, 2020 OK CR 16, ¶ 82, 473 P.3d 1053, 1078-79. The challenged statements were made in an informal conversation among Appellant's gangland associates, and had no primary purpose to serve as an out-of-court substitute for trial testimony. See, e.g. Ohio, 576 U.S. at 244-45. We find these statements did not violate Appellant's right to confront witnesses against him as that right has been interpreted in Crawford v. Washington, 541 U.S. 36 (2004) and subsequent cases.
¶25 Considering these and other statements challenged as inadmissible hearsay within the context of the other properly admitted evidence at trial, we further find that any error in admitting these statements did not seriously affect the fairness, integrity, or public reputation of the proceedings, and no relief is warranted. Proposition Five is denied.
¶26 In Proposition Six, Appellant challenges the sufficiency of the evidence to convict him of conspiracy to commit a felony, i.e., racketeering. We again review this challenge to sufficiency of the evidence in the light most favorable to the prosecution, asking whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Spuehler, 1985 OK CR 132¶ 7, 709 P.2d at 203-04.
¶27 The court correctly instructed the jury on the elements of conspiracy to commit a felony, i.e., the crime of racketeering. 21 O.S. 2011, §§ 421 and 423. Conspiracy need not be established directly; circumstances from which its existence may be fairly inferred is sufficient. The question is whether the circumstances, acts, and conduct shown permit reasonable minds to conclude that an unlawful agreement existed. See McGee v. State, 2005 OK CR 30, ¶ 3, 127 P.3d 1147, 1149. In the light most favorable to the State, the evidence of a number of concerted criminal acts by Appellant and other gang members reasonably supports the jury's finding of a conspiracy. Proposition Six is denied.
¶28 In Proposition Seven, Appellant argues that the trial court erred in refusing to give a requested lesser offense instruction on the crime of gang-related activity under 21 O.S.2011, § 856.3.[3] Reviewing such a ruling for an abuse of discretion, as defined above, Cipriano v. State, 2001 OK CR 25, ¶ 14, 32 P.3d 869, 873, the instruction was properly denied.
¶29 A lesser included offense is traditionally a crime the elements of which are necessarily subsumed within the greater offense. We have also recognized as lesser crimes those which "are in the same class of offenses and are closely or inherently related, [though their] elements do not satisfy the strict statutory elements test." Shrum v. State, 1999 OK CR 41, ¶ 4, 991 P.2d 1032, 1034.
¶30 Section 856.3 lacks the essential character of a lesser-included offense under either approach. The statute is effectively an enhancement crime, adding a five year term when an enumerated felony is committed or attempted for the forbidden purpose of gang membership or in association with a gang. The essential element of "gang-related offense" thus assumes the commission or attempt of the "greater" crime as a necessary element.
¶31 The Legislature seems to have clearly intended this statute not as a lesser offense with a reduced punishment, but rather an additional punishment justified by the gang-related motive or purpose of an enumerated crime. The trial court acknowledged that the section 856.3 offense might be generally related to the other crimes here, but concluded an instruction presenting this as a lesser offense was not warranted. This conclusion was within the trial court's sound discretion. Proposition Seven is denied.
¶32 In Proposition Eight, Appellant argues that counsel's performance denied him effective assistance of counsel. This Court reviews this claims under a two-part test, asking whether counsel's performance was objectively deficient under prevailing professional norms, and whether deficient performance denied the appellant a fair trial with a reliable result. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish Strickland prejudice, the appellant must show a reasonable probability that, but for counsel's error(s), the result of the proceeding would have been different. Head v. State, 2006 OK CR 44, ¶ 23, 146 P.3d 1141, 1148. Such a showing does not require proof that counsel's deficiency more likely than not altered the outcome. Strickland, 466 U.S. at 693. A "reasonable" probability is a probability sufficient to undermine the court's confidence in the outcome. Id.
¶33 Appellant argues that trial counsel was ineffective by failing to object to errors identified in Propositions Two through Six. Reviewing these propositions above, we found no plain or obvious error, and concluded that any errors did not seriously affect the fairness, integrity, or public reputation of the trial. Appellant therefore cannot establish that counsel's allegedly deficient omission to preserve these alleged errors creates any reasonable probability of a different outcome at trial. As Appellant shows neither deficient performance by counsel nor Strickland prejudice, Proposition Eight is denied.
¶34 In Proposition Nine, Appellant argues his sentences are excessive. This Court will not disturb a sentence within statutory limits unless, under the facts and circumstances, it shocks the conscience of the Court. Bever v. State, 2020 OK CR 13, ¶ 38, 467 P.3d 693, 702. Defendant faced (potentially consecutive) sentences of up to life imprisonment in each count. The jury assessed sixty years in each count, which the trial court mercifully ordered to be served concurrently. Appellant is essentially serving at least 85% of a sixty-year sentence. Given his criminal history and the violent and organized manner in which Appellant committed these crimes, the sentence is not shocking to the conscience. Proposition Nine is denied.
¶35 Appellant argues in Proposition Ten that the cumulative effect of errors warrants relief. Having found no errors established by the foregoing propositions, and that any errors did not seriously affect the fairness, integrity, or public reputation of the proceedings, we logically find no accumulation of prejudicial effects from any individually harmless errors. Davis v. State, 2011 OK CR 29, ¶ 228, 268 P.3d 86, 138. Proposition Ten is denied.
¶36 In Proposition Eleven, Appellant sought remand to correct the judgment and sentence to reflect the conviction in Count 2 is for conspiracy to commit racketeering, not racketeering as recited by the original judgment. The State responded to this claim by proffering evidence that the trial court has since corrected the error, and moved to supplement the record pursuant to Rule 3.11(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22. Ch. 18, App. (2024). After remand of this matter for consideration during the evidentiary hearing, Appellant does not dispute that the judgment has been corrected in this respect. Supplementation of the original record with the amended judgment and sentence is GRANTED. Further relief is unnecessary.

DECISION
¶37 The judgment and sentence is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.
_

APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY
THE HONORABLE MICHAEL D. TUPPER, DISTRICT JUDGE

APPEARANCES AT TRIAL
MICHAEL AMEND
ALEXANDER WILKINSON
2845 BROCE DR., BLDG. A
NORMAN, OK 73072
ATTORNEYS FOR DEFENDANT
JACOBI WHATLEY
PATRICK CROWE
ASST. DISTRICT ATTORNEYS
201 S. JONES,
NORMAN, OK 73069
ATTORNEYS FOR STATE

APPEARANCES ON APPEAL
REGINALD ARMOR
INDIGENT DEFENSE SYSTEM
111 N. PETERS, SUITE 100
NORMAN, OK 73069
ATTORNEY FOR APPELLANT
JOHN M. O'CONNOR
ATTORNEY GENERAL
KEELEY L. MILLER
JOSHUA FANELLI
ASST. ATTORNEYS GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
ATTORNEYS FOR APPELLEE

OPINION BY: LEWIS, J.
ROWLAND, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LUMPKIN, J.: Concur in Results
HUDSON, J: Specially Concur

FOOTNOTES
[1] Appellant must serve 85% of his concurrent sixty year sentences in Counts 5 and 6 before he is eligible for consideration for parole. 21 O.S.Supp.2015, § 13.1(5).
[2] Hearsay is defined by the Evidence Code as "a statement, other than one made by a person testifying, offered to prove the truth of the matter asserted." Harris v. State, 2019 OK CR 22, ¶ 51, 450 P.3d 933, 953 (citing 12 O.S.2011, § 2801(A)(3)). The statute also defines a "statement," as either "an oral assertion, an assertion in a record, or nonverbal conduct of a person, if it is intended by a person as an assertion." 12 O.S.2011, § 2801(A)(1)(a-c). Hearsay is inadmissible, subject to several statutory exceptions. 12 O.S.2011, § 2802. Statements of non-testifying persons, not offered to prove the truth of the matter asserted therein, are not barred by the hearsay rule.
[3] "Any person who attempts or commits a gang-related offense as a condition of membership in a criminal street gang or while in association with any criminal street gang or gang member shall be guilty of a felony offense. . . . For purposes of this section, . . . 'gang-related offense' means those offenses enumerated in paragraphs 1 through 16 of subsection F of Section 856 of Title 21 of the Oklahoma Statutes." (emphasis added). Section 856 (F) enumerates all of the felony assault, shooting, weapons, drug distribution, robbery, burglary, and theft offenses alleged as part of the pattern of racketeering activity conducted by the Money Murder Gang.

HUDSON, JUDGE, SPECIALLY CONCURRING:
¶1 I concur in today's decision but write separately to address the proper scope of the gang-related offense discussed in Proposition VII. The opinion rightly observes that the gang-related offense is an enhancement crime justified by the gang-related motive or purpose of the enumerated felony and is not a lesser-included offense. See 21 O.S.2011, § 856.3. This provision criminalizes the commission of gang-related offenses in association with criminal street gangs and/or a member of a criminal street gang. By its very definition in the statute, a gang-related offense committed while in association with a criminal street gang furthers the objectives of the gang. See 21 O.S.Supp.2019, § 856(F) (defining "criminal street gang" as "any ongoing organization, association, or group of five or more persons that specifically either promotes, sponsors, or assists in, or participates in, and requires as a condition of membership or continued membership, the commission of one or more" specifically delineated violent, gang-related offenses (emphasis added)). The crime of gang-related offense does not criminalize gang membership or the mere commission of a crime by gang members. Nor does it presume every crime committed by gang members as being related to a gang. Because today's decision is consistent with this understanding of the gang-related offense, I specially concur in today's decision.
 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2001 OK CR 25, 32 P.3d 869, 72 OBJ 2629, 
CIPRIANO v. STATE
Discussed

 
1999 OK CR 41, 991 P.2d 1032, 
Shrum v. State
Discussed

 
2005 OK CR 30, 127 P.3d 1147, 
CHRISTOPHER DWAYNE MCGEE, Appellant -vs- STATE OF OKLAHOMA, Appellee
Discussed

 
2006 OK CR 19, 139 P.3d 907, 
HOGAN v. STATE
Discussed

 
2006 OK CR 44, 146 P.3d 1141, 
HEAD v. STATE
Discussed

 
2011 OK CR 29, 268 P.3d 86, 
DAVIS v. STATE
Discussed

 
2012 OK CR 7, 274 P.3d 161, 
NELOMS v. STATE
Discussed

 
2015 OK CR 11, 358 P.3d 280, 
SANDERS v. STATE
Discussed

 
2019 OK CR 22, 450 P.3d 933, 
HARRIS v. STATE
Discussed

 
2020 OK CR 13, 467 P.3d 693, 
BEVER v. STATE
Discussed

 
2020 OK CR 16, 473 P.3d 1053, 
KNAPPER v. STATE
Discussed

 
2021 OK CR 1, 481 P.3d 1267, 
BRINK v. STATE
Discussed

 
1999 OK CR 48, 993 P.2d 124, 
Davis v. State
Discussed

 
2022 OK CR 3, 504 P.3d 613, 
GILLIOMS v. STATE
Discussed

 
1985 OK CR 132, 709 P.2d 202, 
SPUEHLER v. STATE
Discussed at Length

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2801, 
Definitions
Discussed at Length

 
12 O.S. 2802, 
Hearsay Rule
Cited

Title 20. Courts

 
Cite
Name
Level

 
20 O.S. 3001.1, 
Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 856.3, 
Gang-Related Offense as Condition of Membership in Criminal Street Gang - Penalty
Discussed

 
21 O.S. 11, 
Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited

 
21 O.S. 421, 
Conspiracy - Definition - Punishment
Cited

 
21 O.S. 652, 
Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Discussed

 
21 O.S. 856, 
Delinquent Minor - Contributing to Delinquency
Cited

 
21 O.S. 1283, 
Convicted Felons and Delinquents
Cited

 
21 O.S. 1289.17A, 
Felony Discharging Firearms
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 1403, 
Prohibited Acts - Venue
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA