OSCN Found Document:BU v. STATE

 

 
 BU v. STATE
2025 OK CR 17
Case Number: F-2023-615
Decided: 10/07/2025
THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2025 OK CR 17, __ P.3d __

 

CIA DONG BU, Appellant, 
v.
THE STATE OF OKLAHOMA, Appellee.

SUMMARY OPINION

ROWLAND, JUDGE:

¶1 Appellant Cia Dong Bu appeals his Judgment and Sentence from the District Court of Pontotoc County, Case No. CF-2022-65, for Cultivation of Controlled Substance (Count 1), in violation of 63 O.S.2021, § 2-509

¶2 Bu appeals raising the following issues:

(1) whether the trial court erred by allowing the admission of other crimes evidence;

(2) whether Oklahoma's cultivation statute is unconstitutional both on its face and as applied to him;

(3) whether the evidence was insufficient to support his conviction cultivation; and

(4) whether the State's failure to preserve and disclose evidence violated his right to due process.

¶3 We find relief is not required and affirm the Judgment and Sentence of the district court.

1.

¶4 Prior to and during trial, Bu sought to preclude the State from introducing evidence of unlawful acts committed by his codefendant. Bu's objections were overruled. We review the district court's evidentiary ruling for an abuse of discretion. Olvera v. State, 2024 OK CR 28559 P.3d 887Mitchell v. State, 2016 OK CR 21387 P.3d 934Neloms v. State, 2012 OK CR 7274 P.3d 161

¶5 "The basic law is well established - when one is put on trial, one is to be convicted - if at all - by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded." Lott v. State, 2004 OK CR 2798 P.3d 318Burks v. State, 1979 OK CR 10594 P.2d 771overruled in part on other grounds by Jones v. State, 1989 OK CR 7772 P.2d 922res gestae of the charged offense, then it is not considered other crimes or bad acts evidence." Vanderpool v. State, 2018 OK CR 39434 P.3d 318Rogers v. State, 1995 OK CR 8890 P.2d 959res gestae, when: a) it is so closely connected to the charged offense as to form part of the entire transaction; b) it is necessary to give the jury a complete understanding of the crime; or c) when it is central to the chain of events." Eizember v. State, 2007 OK CR 29164 P.3d 208Warner v. State, 2006 OK CR 40144 P.3d 838res gestae of the crimes charged.

¶6 Additionally, Bu asserts that any probative value of the evidence at issue was outweighed by the danger of unfair prejudice. 12 O.S.2021, § 2403res gestae evidence was properly admitted and relief is not required.

2.

¶7 Bu asserts that Oklahoma's cultivation statute, 63 O.S.2021, § 2-509de novo. Weeks v. State, 2015 OK CR 16362 P.3d 650Vanderpool, 2018 OK CR 39Hogan v. State, 2006 OK CR 19139 P.3d 907Id.

¶8 We indulge every presumption "in favor of the constitutionality of an act of the Legislature" and we will uphold the constitutionality of a statute "unless it is clearly, palpably, and plainly inconsistent with fundamental law." Gillioms v. State, 2022 OK CR 3Id.

A.

¶9 "In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982) (footnotes omitted). Such facial challenges are disfavored, and one challenging the constitutionality of a statute bears a heavy burden.

That is true even when a facial suit is based on the First Amendment, although then a different standard applies. In other cases, a plaintiff cannot succeed on a facial challenge unless he "establish[es] that no set of circumstances exists under which the [law] would be valid," or he shows that the law lacks a "plainly legitimate sweep." United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); Washington State Grange [v. Washington State Republican Party], 552 U.S. [442,] 449, 128 S. Ct. 1184 [2008].

Moody v. NetChoice, LLC, 603 U.S. 707, 723 (2024). Bu's facial challenge purports to attack the statute as both overbroad and vague, but his argument focuses almost exclusively on the vagueness challenge. In fact, he makes no showing that Oklahoma's marijuana cultivation statute reaches a substantial amount of conduct protected by the United States Constitution, and thus his facial overbreadth challenge must fail.

B.

¶10 We turn next to his facial challenge of the statute for vagueness. "Facial challenges are strong medicine." Dias v. City and County of Denver, 567 F.3d 1169, 1179 (10th Cir. 2009) (quoting Ward v. Utah, 398 F.3d 1239, 1246 (10th Cir. 2005)). A court can only consider a facial challenge to a law's vagueness if it implicates First Amendment interests or if the challenge is made before enforcement. United States v. Rodebaugh, 798 F.3d 1281, 1294-95 (10th Cir. 2015) (citing Maynard v. Cartwright, 486 U.S. 356, 361 (1988); Dias, 567 F.3d at 1179--80). Neither of these circumstances are applicable here; the cultivation statute neither threatens to chill any constitutionally protected conduct nor does this case concern pre-enforcement review of Section 2-509. Bu's facial challenge for vagueness fails.

C.

¶11 Next Bu challenges Section 2-509 as being unconstitutionally vague as applied to his conduct. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Rodebaugh, 798 F.3d at 1295 (quoting Grayned v. City of Rockford, 408 U.S. 104, 108 (1972)). "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." Id. (quoting Jordan v. Pugh, 425 F.3d 820, 824--25 (10th Cir. 2005); Hill v. Colorado, 530 U.S. 703, 732 (2000)). See also Engles v. State, 2015 OK CR 17366 P.3d 311

¶12 The elements of cultivation of controlled dangerous substance are knowingly cultivating marijuana on land owned or controlled by

the defendant. 63 O.S. §§ 427.1

¶13 Bu's argument centers on the ownership requirements for a legal marijuana growing operation. He acknowledges on appeal, as he did below, that a licensing requirement under the OMMA is that "[a]n applying entity may show ownership of non-Oklahoma residents, but that percentage ownership may not exceed twenty-five percent (25%)[.]" 63 O.S.2021, § 422See also 63 O.S.2021, § 427.14

¶14 Bu argues that this licensing requirement was met as an Oklahoma resident was paid to be a 75% owner of both Tran World, LLC and Bu & Tran Cultivation, LLC. However, evidence at trial showed that the Oklahoma resident owner was not a legitimate owner of the businesses but rather was a "straw owner" who gained nothing from the marijuana grow other than the $3,000.00 he was paid to have his name on the licensing application; this rendered the licenses fraudulently obtained and the marijuana grow operations illegal.

¶15 Bu asserts that the extent to which an "owner" must be involved in the business is not set forth in the statutes and thus Section 2-509 and the OMMA are void for vagueness as applied to him because the prohibitions are not clearly defined. This argument disregards 63 O.S.2021, § 427.2

"Owner" means, except where the context otherwise requires, a direct beneficial owner including, but not limited to, all persons or entities as follows:

a. all shareholders owning an interest of a corporate entity and all officers of a corporate entity,

b. all partners of a general partnership,

c. all general partners and all limited partners that own an interest in a limited partnership,

d. all members that own an interest in a limited liability company,

e. all beneficiaries that hold a beneficial interest in a trust and all trustees of a trust,

f. all persons or entities that own interest in a joint venture,

g. all persons or entities that own an interest in an association,

h. the owners of any other type of legal entity, and

i. any other person holding an interest or convertible note in any entity which owns, operates or manages a licensed facility[.]

¶16 Thus, while the ownership requirements for proper licensure under the OMMA are broad, they do not include persons who are simply paid to put their name on the licensing application, with no concomitant role in directing or managing the affairs of the enterprise, controlling the hiring or firing of personnel, etc. See United States v. Kingston, 971 F.2d 481, 487-88 (10th Cir. 1992) (persons paid to obtain financing for properties in which they had "little or no actual interest" could be referred to as straw purchasers at jury trial). Allowing a person with little or no actual connection to the operation of the enterprise would thwart the obvious intent of the Legislature that these closely-regulated businesses be largely owned and operated by Oklahoma residents. There is nothing vague or novel about such a requirement.

¶17 We therefore hold that these statutes, Section 2-509 and OMMA, considered together, afford people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited and provide standards which discourage arbitrary and discriminatory enforcement. These statutes were not unconstitutionally vague as applied to Bu.

3.

¶18 Bu claims that the evidence presented at trial was insufficient to support his conviction for cultivation of controlled dangerous substance. This Court reviews challenges to the sufficiency of the evidence in the light most favorable to the State and will not disturb the verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. State, 2024 OK CR 11548 P.3d 473Spuehler v. State, 1985 OK CR 132709 P.2d 202Day v. State, 2013 OK CR 8303 P.3d 291Davis v. State, 2004 OK CR 36103 P.3d 70Matthews v. State, 2002 OK CR 1645 P.3d 907

¶19 In order to support a conviction for cultivation of controlled dangerous substance, the State was required to prove that Bu (1) knowingly; (2) cultivated; (3) marijuana; (4) on land he owned or controlled. 63 O.S.2021, § 2-509

¶20 The evidence presented at trial showed beyond a reasonable doubt that Bu committed each element of the crime of cultivation. However, because the evidence also showed that the applications for licensure for the grow operations did not meet the ownership requirements, the exception to Section 2-509 provided by the OMMA does not operate to make the grow operations here legal. The evidence was thus sufficient to support Bu's conviction for cultivation of controlled dangerous substance beyond a reasonable doubt.

4.

¶21 Bu claims that his right to due process was violated because the State destroyed some evidence prior to trial and did not disclose to the defense other potentially exculpatory evidence. During trial he filed a Demurrer/Motion to Dismiss and a Provisional Motion to Dismiss Under Brady v. Maryland, Pullen v. State, 2016 OK CR 18387 P.3d 922State v. Hooley, 2012 OK CR 3269 P.3d 949

¶22 "The Due Process Clause of the Fourteenth Amendment obligates the State to preserve evidence that might be expected to play a significant role in a suspect's defense." Norman v. State, 2023 OK CR 4528 P.3d 1142Harris v. State, 2019 OK CR 22450 P.3d 933California v. Trombetta, 467 U.S. 479, 488-89 (1984)). "If the State failed to preserve evidence that can only be called potentially useful to the defense, then no relief is warranted unless the defendant can show bad faith on the State's part." Norman, 2023 OK CR 4Harris, 2019 OK CR 22Norman, 2023 OK CR 4Arizona v. Youngblood, 488 U.S. 51, 57 (1988).

¶23 Additionally, establishing a Brady violation requires a showing that (1) the prosecution suppressed evidence (2) that was favorable or exculpatory to the defendant, and (3) that the evidence was material. Bramlett v. State, 2018 OK CR 19422 P.3d 788Brady violation, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

¶24 Bu alleges that the State improperly destroyed the contents of a brown barrel allegedly containing marijuana as well as marijuana plants seized during the search of the grow facility. Bu has not shown that the items at issue were destroyed in bad faith or that the destroyed evidence had any apparent exculpatory value.

¶25 He also complains that the State failed to disclose in discovery numerous other evidentiary items. The record shows that the alleged Brady violation was litigated below. The trial court found that while there may have been a discovery violation, the evidence at issue was not exculpatory and Bu had not shown prejudice.

¶26 Indeed, we find that Bu's assertion that the evidence may have been useful to his defense is speculative; it was, at best, only potentially useful. Bu suffered no prejudice from spoliation or withholding of evidence and relief is not required. The trial court's ruling was not an abuse of discretion and relief is not required.

DECISION

¶27 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2025), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT 
OF PONTOTOC COUNTY

THE HONORABLE STEVE KESSINGER, DISTRICT JUDGE

 
 
 APPEARANCES AT TRIAL
 
 LLOYD BRENT PALMER
 KENDRA BLOCKER
 ATTORNEYS AT LAW
 1609 ARLINGTON STREET
 ADA, OK 74820
 COUNSEL FOR DEFENDANT
 APPEARANCES ON APPEAL
 
 ALAN M. TAYLOR
 PALMER LAW
 101 EAST 13TH STREET
 ADA, OK 74820
 COUNSEL FOR APPELLANT
 
 
 
 NICK THURMAN
 ASST. DISTRICT ATTORNEY
 105 WEST 13TH STREET
 ADA, OK 74820
 COUNSEL FOR STATE
 
 GENTNER F. DRUMMOND
 ATTY. GENERAL OF OKLAHOMA
 SHERI M. JOHNSON
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 

OPINION BY: ROWLAND, J.
LUMPKIN, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

63 O.S.2021, § 2-40821 O.S.2021, § 1993

63 O.S.2021, § 2-509

A. All species of plants from which controlled dangerous substances in Schedules I and II may be derived are hereby declared inimical to health and welfare of the public, and the intent of the Legislature is to control and eradicate these species of the plants in the State of Oklahoma.

B. It shall be unlawful for any person to cultivate or produce, or to knowingly permit the cultivation, production, or wild growing of any species of such plants, on any lands owned or controlled by such person, and it is hereby declared the duty of every such person to destroy all such plants found growing on lands owned or controlled by the person.

Brady v. Maryland, 373 U.S. 83 (1963).